[No. B206165. Second Dist., Div. Four. Mar. 3, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
HOSSEIN BABAALI, Defendant and Appellant.

984

COUNSEL

Steven Graff Levine for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Steven D. Matthews and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WILLHITE, Acting P. J.—**

## INTRODUCTION

A jury convicted defendant Hossein Babaali of one count of sexual battery by fraudulent representation (Pen. Code, § 243.4, subd. (c))[1] and one count of attempted sexual battery by fraudulent representation (§§ 664, 243.4, subd. (c)). Both crimes involved the same victim, M.M. Defendant moved for a new trial on multiple grounds. The trial court concluded that the verdicts were contrary to law. It therefore found defendant not guilty of the two offenses and, over defense objection, modified the verdicts to reflect convictions of what it believed to be the lesser included offenses of sexual battery (§ 243.4, subd. (e)(1)) and attempted sexual battery (§§ 664, 243.4, subd. (e)(1)).

■ On appeal, defendant contends that the trial court lacked jurisdiction to convict him of sexual battery and attempted sexual battery because those crimes are not lesser included offenses of the charged offenses. We agree and therefore reverse the judgment.

## LEGAL BACKGROUND

To put defendant's contention, the evidence, and the trial court proceedings in proper context, we begin with a discussion of the crimes of sexual battery by fraudulent representation and sexual battery.

■ The crime of sexual battery by fraudulent representation (§ 243.4, subd. (c)) was added to the Penal Code in 2002. The distinction between fraud in the factum and fraud in the inducement is key to understanding the legislative impetus for enacting the statute. In fraud in the factum, the defendant fraudulently induces the victim to consent to "act X" but then the defendant engages in "act Y." (See, e.g., *People v. Ogunmola* (1987) 193 Cal.App.3d 274, 277–281 [238 Cal.Rptr. 300] [the defendant obtains the victim's consent to conduct a pelvic examination digitally or with a surgical instrument but then inserts his penis in the victim's vagina]; *People v. Minkowski* (1962) 204 Cal.App.2d 832, 837–839, 842–843 [23 Cal.Rptr. 92] [the defendant obtains consent to insert a medical instrument into the victim's vagina but also inserts his penis].) By contrast, in fraud in the inducement, the defendant uses misrepresentations to induce the victim to consent to "act X" and then commits "act X." (See, e.g., *Boro v. Superior Court* (1985) 163

---

[1] All undesignated statutory references are to the Penal Code.

Cal.App.3d 1224 [210 Cal.Rptr. 122] [the defendant induces the victim to consent to sexual intercourse by falsely telling her the act was necessary to treat a potentially fatal disease].)

■ It has always been the rule that fraud in the factum vitiates consent. Stated another way, "where there is fraud in the fact, there was no consent to begin with. Consent that act X may be done is not consent that act Y be done, when act Y is the act complained of." (*People v. Harris* (1979) 93 Cal.App.3d 103, 114 [155 Cal.Rptr. 472].) However, the general common law rule is that fraud in the inducement does not vitiate consent because the victim agreed knowing the true nature of the act to be performed. (*People v. Stuedemann* (2007) 156 Cal.App.4th 1, 7–8 [67 Cal.Rptr.3d 13]; see also *Boro v. Superior Court, supra*, 163 Cal.App.3d at p. 1228 [" 'consent [to sexual intercourse] induced by fraud is as effective as any other consent, so far as the direct and immediate consequences are concerned, if the deception relates not to the thing done but merely to some collateral matter (fraud in the inducement)' "].)

■ Consequently, until 2002, California law (with one limited exception) did not criminalize a sexual touching when the defendant engaged in fraud in the inducement to obtain the victim's consent. But that year, the Legislature created the crime of sexual battery by fraudulent representation. Section 243.4, subdivision (c) provides, in relevant part: "Any person who touches an intimate part of another person for the purpose of sexual arousal, sexual gratification, or sexual abuse, *and the victim is at the time unconscious of the nature of the act because the perpetrator fraudulently represented that the touching served a professional purpose*, is guilty of sexual battery." (Italics added.) The creation of this crime was part "of a comprehensive amendment that added the 'professional purpose' circumstance to five sex crime statutes.[2] [Citations.] Prior to the amendment, the law provided that a victim could be unconscious of the nature of the act 'due to the perpetrator's fraud in fact.' [Citations.] . . . The 2002 amendment expanded the meaning of unconsciousness to include *a narrow set of circumstances involving fraudulent inducement*: those in which the victim was unaware of the nature of the act due to the perpetrator's fraudulent representation that the sexual [act] served a professional purpose." (*People v. Bautista* (2008) 163 Cal.App.4th 762, 773 [77 Cal.Rptr.3d 824], italics added.) For this new statutory provision to apply, the defendant must fraudulently represent that the specific intimate touching he actually commits serves a professional purpose. Thus, in this one narrow set of circumstances, the Legislature abrogated the common law rule

---

[2] The other four statutes to which the Legislature added the professional purpose circumstance are (1) rape of an unconscious person (§ 261, subd. (a)(4)(D)); (2) sodomy of an unconscious person (§ 286, subd. (f)(4)); (3) oral copulation of an unconscious person (§ 288a, subd. (f)(4)); and (4) sexual penetration of an unconscious person (§ 289, subd. (d)(4)).

that fraud in the inducement does not vitiate consent by providing that the defendant's fraudulent representation renders the victim unconscious of the true nature of the defendant's act. In all other situations, consent induced by fraud is still considered valid.

■ In contrast to sexual battery by fraudulent representation, sexual battery does not involve trick or artifice. Instead, it simply requires an intimate touching committed against the victim's will. Section 243.4, subdivision (e) provides, in relevant part: "(1) Any person who touches an intimate part of another person, *if the touching is against the will of the person touched*, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual battery . . . ." (Italics added.)

With this legal background in mind, we now turn to the evidence and relevant trial court proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Prosecution's Case

1. *The Victim's Testimony*

Defendant is a medical doctor. In March 2006, he hired the victim, M.M., for a receptionist position in his office. On the second day of her employment, he asked M.M. to come into the exam room so he could show her how to perform various medical-related functions. Once the two of them were in the room, he showed her how to draw blood from a patient. Then, he said he was going to show her how to operate the electrocardiogram (EKG) machine. He told her to take off her top and put on a medical gown. She did. He told her to remove her bra, to adjust the gown so that the opening was in the front, and to lie down on the examination table. M.M. complied with all of his requests.

M.M. told defendant that she was experiencing pain around her breast and stomach. M.M. did not expect defendant to conduct an examination or touch her in those areas; she simply hoped that, based upon his medical training, he would tell her why she was experiencing the pain.

Defendant placed the EKG wires around the bottom of her breasts and on her ankle. M.M. closed her gown opening so as to not expose her breasts. Defendant opened the gown, exposing her left breast. Defendant attempted to operate the EKG machine but did not appear to know what he was doing. He then touched M.M.'s breasts, saying he was checking for breast cancer. After

that, he began to pinch her nipples, stating he was checking for secretions. During these actions, defendant had a sexual look on his face and made a sexually related sound.

Defendant touched M.M.'s stomach and asked if she felt any pain. She said she did. Defendant unbuttoned and unzipped her pants and pulled them down. M.M. tried to pull them back up but defendant told her to relax. He placed his hand underneath M.M.'s underwear, pressed the area around her vagina, touched her pubic hair, and asked her if she felt pain. M.M. told him to stop. She tried several times to sit up but he pushed her back on the table. M.M. buttoned her pants and said she needed to get back to work. Defendant placed his hand on her face and tried to kiss her but she turned her head.

Defendant left the room. M.M. put on her clothes. Defendant reentered and placed a stethoscope on her chest. M.M. could feel defendant had an erection. M.M. quickly moved away from defendant. Ultimately, she left the exam room and returned to her office. M.M. testified that defendant never told her that he was going to give her a breast exam or check inside of her pants when he first asked her into the exam room.

Later that day and while still at the office, M.M. and defendant had several conversations and encounters. In the first one, M.M. told defendant that his actions made her uncomfortable. Defendant replied he was just having fun. At a later point that day, M.M. agreed to let defendant massage her but she stopped him when he tried to pull down her pants. But then she offered to give him a massage. He removed his shirt and she massaged his back for a short time. When he left that day, he hugged her tightly and tried to kiss her. He told M.M. "to keep it between [her] and him."

The next day, M.M. reported the incident to the police. She never returned to her job at defendant's office.

2. *Defendant's Statements to the Police*

In May 2006 (two months after the events), Santa Monica Police Detective Roy Brown conducted a tape-recorded interview with defendant in the presence of defendant's attorney. The recording was played for the jury and a transcript of the interview was introduced into evidence.

In the interview, defendant gave dissembling explanations about what had happened. He first denied touching M.M.'s breasts or stomach, but then admitted those actions, claiming it was part of an examination. Similarly, he first claimed that he never intended to have a sexual interaction with her, but then conceded that he had "hoped" something sexual would occur with M.M. "[b]ut then it didn't happen." Defendant believed their entire interaction was consensual except for the two times that she told him to stop: first, when he tried to touch her vaginal area and second when she declined to kiss him.

## B. The Defense Case

Defendant, testifying in his own behalf, claimed that M.M. had consented to all of his actions. In particular, he claimed that he touched her breasts and abdomen after she told him about pain she was experiencing in those areas. He administered an EKG to evaluate her chest pain. He denied any sexual intent to his actions.

In addition, defendant presented an expert witness to testify that his touching of M.M.'s breasts and his attempt to touch her vaginal area were consistent with proper medical examinations.

## C. The Jury Instructions

The trial court submitted CALCRIM No. 937 setting forth the elements of sexual battery by fraudulent representation[3] and CALCRIM No. 460 explaining what constitutes an attempt. Over defense counsel's objection, the court

---

[3] CALCRIM No. 937 reads:

"The defendant is charged in Count One with sexual battery by fraudulent representation in violation of Penal Code section 243.4(c), and in Count Two with attempted sexual battery by fraudulent representation in violation of Penal Code section 664/243.4(c).

"To prove that the defendant is guilty of this crime, the People must prove that:

"1. The defendant touched an intimate part of [M.M.'s] body;

"2. The touching was done for the specific purpose of sexual arousal, sexual gratification, or sexual abuse;

"3. The defendant fraudulently represented that the touching served a professional purpose; AND

"4. The person touched was not conscious of the sexual nature of the act because of the fraudulent representation.

"An intimate part is a female's breast or the anus, groin, sexual organ or buttocks of anyone.

"Contact must have been made with [M.M.'s] bare skin. This means that the defendant must have touched the bare skin of [M.M.'s] intimate part either directly or through the defendant's clothing.

"A person is not conscious of the sexual nature of the act if he or she is not aware of the essential characteristics of the act because the perpetrator fraudulently represented that the touching served a professional purpose when it did not."

submitted CALCRIM No. 938 which, as modified by the court, explained that sexual battery is a lesser included offense of the charged crime[4] and set forth its elements.[5]

## D. The Parties' Theories of the Case

The information charged defendant with one count of sexual battery by fraudulent representation and one count of attempted sexual battery by fraudulent representation. Throughout trial, the prosecutor's theory was that count 1 was committed when defendant touched M.M.'s breasts and count 2 was committed when he attempted to touch her vagina.[6]

The prosecutor consistently characterized the case as involving fraud in the inducement, not fraud in the factum. For instance, in arguing against defendant's motion for judgment of acquittal (§ 1118.1), she characterized defendant's statement that he wanted M.M. to come into the exam room so he could teach her how to operate the EKG as the fraudulent inducement because his real intent was to sexually assault her.

In closing argument, the prosecutor did not address the lesser included offenses. Instead, she sought conviction of the two counts alleged in the information, identifying the false representation as defendant's statement that he wanted to teach M.M. how to operate the EKG.[7]

---

[4] The Bench Note to CALCRIM No. 937 cites no authority for the proposition that sexual battery (§ 243.4, subd. (e)(1)) is a lesser included offense.

[5] CALCRIM No. 938 reads:

"Sexual battery in violation of Penal Code section 243.4(e)(1), is a lesser included offense of sexual battery by fraudulent representation as alleged in Count 1, and attempted sexual battery in violation of Penal Code section 664/243.4(e)(1) is a lesser included offense of attempted sexual battery by fraudulent representation as alleged in Count 2.

"To prove that the defendant is guilty of this crime, the People must prove that:

"1. The defendant touched an intimate part of [M.M.];

"2. The touching was done against [M.M.'s] will; AND

"3. The touching was done for the specific purpose of sexual arousal, sexual gratification, or sexual abuse.

"An intimate part is a female's breast or the anus, groin, sexual organ, or buttocks of anyone.

"Touching, as used here, means making physical contact with another person. Touching includes contact made through the clothing.

"*An act is done against a person's will if that person does not consent to the act. In order to consent, a person must act freely and voluntarily and know the nature of the act.*" (Italics added.)

[6] During deliberations, the jury asked: "As charged in Count #2, is the attempted sexual battery by fraud related to the contact with [M.M.'s] pubic hair or the massage?" The court responded: "Count 2 relates only to the alleged contact with [M.M.'s] pubic hair."

[7] In the opening portion of her closing argument, the prosecutor explained that M.M. had testified " 'He invited me into the back room to train me on how to do the E.K.G. machine.'

The defense theory, as set forth in closing argument, was that defendant was not guilty of all charges, including the lesser included offenses, because he did not have the required sexual intent when he touched M.M.'s breasts and tried to touch her vaginal area. Defense counsel attacked M.M.'s credibility and urged the People had failed to show guilt beyond a reasonable doubt.

## E. The Jury's Verdicts and Defendant's Subsequent Motions

The jury convicted defendant of one count of sexual battery by fraudulent representation and one count of attempted sexual battery by fraudulent representation.

Represented by new counsel,[8] defendant moved for a judgment of acquittal (§ 1385) or, alternatively, a new trial (§ 1181, subds. 5, 6).

Following two hearings, the trial court ruled, pursuant to section 1181, subdivision 6, that the jury's verdicts were "contrary to law." It concluded that in order to sustain a conviction under section 243.4, subdivision (c), the People were required to show that defendant falsely represented to the victim that a particular intimate touching served a professional purpose; that the victim consented to that touching; that defendant committed that specific touching; and that the touching served no professional purpose. The court held the evidence was "legally insufficient" to support the convictions because the misrepresentation (defendant's desire to show M.M. how to do an EKG) did not mirror the touchings (the breast and vaginal area) upon which the People sought to convict defendant.[9] It therefore found defendant

That's the fraud. That's the ruse. . . . And then we know she wasn't conscious of the true nature of the act, his sexual intent, the sexual nature of the touching because of the ruse. She doesn't know what he's really going to do until[,] of course, he does it and she realizes it."

In her rebuttal argument to the jury, the prosecutor argued: "[T]he defendant perpetrated a horrible fraud on [M.M.] . . . , and the fraud is luring her in there [the exam room], telling her he was doing something for a legitimate medical purpose when he wasn't, when, in fact, he was sexually assaulting her."

[8] Defendant is represented on appeal by the attorney who filed the postverdict motions.

[9] The court explained that sexual battery by fraudulent representation requires a showing that "the victim is induced and understands what's going to happen before it actually happens [here defendant's touching of her breasts and attempted touching of her vagina], . . . and I don't see that in this case. . . . [¶] . . . [M.M.] was not aware beforehand that he was going to do that, which I think clearly distinguish[es] the fraud in inducement cases." "[She] did not know she was going to be touched on the breasts. She did not know beforehand that the defendant was going to do down her pants [but] those cases fraud in inducement seem to indicate the victim knows the exact act beforehand."

The prosecutor remained with her original theory of the case. She reiterated: "The fraud in

not guilty of the two charged offenses and, over defense objection,[10] modified the verdicts to reflect convictions of the lesser included offenses of sexual battery and attempted sexual battery.[11]

## DISCUSSION

Defendant contends that sexual battery is not a lesser included offense to sexual battery by fraudulent representation. He therefore urges that his two convictions "cannot be sustained whether or not there was evidence at [his] trial to show that he had committed them." Relying upon *People v. Lohbauer* (1981) 29 Cal.3d 364, 369, 373 [173 Cal.Rptr. 453, 627 P.2d 183], he claims that "[r]eversal is compelled, and . . . the cause should be 'remanded to the trial court with directions to dismiss the [amended] information.' " (See fn. 11, *ante*.) We agree.

█ "To qualify as a lesser offense that is necessarily included in another offense, ' "all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense." ' [Citation.] Stated another way, when a crime cannot be committed without also committing another offense, the latter is necessarily included within the former. [Citations.]" (*People v. Lagunas* (1994) 8 Cal.4th 1030, 1034 [36 Cal.Rptr.2d 67, 884 P.2d 1015].) A determination whether one offense is necessarily included

---

the inducement at the beginning with the E.K.G. is what got the ball rolling, and that's how I always referred to it, that that was kind of what set everything off."

[10] Defense counsel opposed modifying the verdicts. He argued that defendant was entitled to a trial on the charges of sexual battery and attempted sexual battery. He explained: "I think there's a real issue of consent in this case. I think that even though the victim [M.M.] said there wasn't consent, I put it in my papers there was implied consent, and I think before we convict [defendant] of any crime that says sexual battery, the jury needs to determine whether or not there was consent or not, implied or express. . . . [¶] There has to be no consent. So it's a real jury issue because now we have testimony from the victim herself, not the defendant, where a jury has to decide if you complain to a doctor that I have breast pain and lower abdominal pain, whether that gives the doctor the consent, implied or otherwise, to conduct an examination."

The prosecutor had a different view of the evidence. She explained: "I think the victim was very clear that there was no consent to the defendant touching her breasts and checking for infections when he committed the attempted sexual battery by fraud. She never wavered in her testimony that she did not ask him to do that. She did not think he was going to do that. She did not want him to do that. She was not his patient. She was his employee. So I think there is evidence in the record certainly that there was no consent by this victim to the defendant touching her in those areas."

In modifying the verdicts, the trial court found that the evidence established that M.M. had not consented to the touching and attempted touching that occurred after defendant had completed the EKG.

[11] Before ruling, the trial court, on its own motion, amended the information to allege count 1 as the misdemeanor offense of sexual battery and count 2 as the misdemeanor offense of attempted sexual battery.

with another is not based upon the evidence presented at trial but, instead, is based "upon the statutory definitions of both offenses and the language of the accusatory pleading. [Citations.]" (*People v. Ortega* (1998) 19 Cal.4th 686, 698 [80 Cal.Rptr.2d 489, 968 P.2d 48].) " 'It is of no consequence that the evidence at trial might also establish guilt of another and lesser crime than that charged. To constitute a lesser and necessarily included offense it must be of such a nature that as a matter of law and *considered in the abstract* the greater crime cannot be committed without necessarily committing the other offense. [Citations.]' " (*People v. Steele* (2000) 83 Cal.App.4th 212, 218 [99 Cal.Rptr.2d 458].)

We therefore begin our discussion by again setting forth the language of the two statutes. Section 243.4, subdivision (c) provides, in relevant part: "Any person who touches an intimate part of another person for the purpose of sexual arousal, sexual gratification, or sexual abuse, and the victim is at the time unconscious of the nature of the act because the perpetrator fraudulently represented that the touching served a professional purpose, is guilty of sexual battery."[12]

Section 243.4, subdivision (e) provides, in relevant part: "(1) Any person who touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual battery . . . . [¶] (2) As used in this subdivision, 'touches' means physical contact with another person, whether accomplished directly, through the clothing of the person committing the offense, or through the clothing of the victim."

■ Both statutes have two identical elements: (1) the defendant touches an intimate part of the victim and (2) the defendant acts for the specific purpose of sexual arousal or gratification. The difference between the two crimes is that sexual battery requires a touching "against the will" of the victim, whereas sexual battery by fraudulent representation requires the victim to be "unconscious" of the nature of the touching because the defendant fraudulently represents that the touching serves a professional purpose. Defendant contends that this difference means that sexual battery is not a lesser included offense of sexual battery by fraudulent representation. He is correct.

■ In the context of a sexual assault, "against the will" of the victim is synonymous with " 'without the victim's consent.' " (*People v. Giardino*

---

[12] The information tracked the language of the charging statute. It alleged that defendant "did unlawfully touch an intimate part of [M.M.] for the purpose of sexual arousal, sexual gratification, and sexual abuse where said [M.M.] was unconscious at the time of the nature of the act due to the fraudulent representation of the defendant that the touching served a professional purpose."

(2000) 82 Cal.App.4th 454, 460 [98 Cal.Rptr.2d 315]; see also *People v. Ogunmola, supra,* 193 Cal.App.3d at p. 279.) Consequently, CALCRIM No. 938, the pattern instruction for sexual battery (§ 243.4, subd. (e)(1)), defines "against a person's will" as the "person does not consent to the act." (See fn. 5, *ante*.) ■ A defendant therefore commits a sexual battery if he engages in an intimate, nonconsensual touching. This frames the question in this case as whether a defendant *necessarily* commits an intimate, nonconsensual touching when he commits a sexual battery by fraudulent representation.

■ Or stated another way, is committing an intimate touching when the victim "is at the time unconscious of the nature of the act" because of fraud in the inducement (§ 243.4, subd. (c)) the same as committing a touching "against the [victim's] will" (243.4, subd. (e)(1))? We hold that the answer is "no."

■ In the context of section 243.4, subdivision (c), unconscious does not have its ordinary or colloquial meaning. (*People v. Stuedemann, supra,* 156 Cal.App.4th at p. 6.) Instead, it means that the defendant tricks the victim into submitting to the touching based upon the fraudulent representation that "the touching served a professional purpose." (§ 243.4, subd. (c).) This fraud renders the victim "unconscious of the [true] nature of the act [the intimate touching]" even though she agreed to the touching. (*Ibid.*)

*People v. Dancy* (2002) 102 Cal.App.4th 21 [124 Cal.Rptr.2d 898] (*Dancy*) is instructive in interpreting the scope of the phrase "unconscious of the nature of the act" found in section 243.4, subdivision (c), and, specifically, in deciding whether that phrase includes the element of lack of consent. In *Dancy*, the defendant was convicted of raping an unconscious person (§ 261, subd. (a)(4)). The charging statute prohibits the rape of a person who "is at the time unconscious of the nature of the act, and this is known to the accused." (*Ibid.*) The statute explains that " 'unconscious of the nature of the act' means incapable of resisting because the victim" met one of several specified conditions.[13] (§ 261, subd. (a)(4).)

On appeal, the defendant contended that the trial court had erred in failing to instruct the jury on consent and reasonable belief in consent. (*Dancy, supra,*

---

[13] At the time, section 261, subdivision (a)(4) recited three conditions which would qualify the victim as "unconscious of the nature of the act." They were: "(A) Was unconscious or asleep. [¶] (B) Was not aware, knowing, perceiving, or cognizant that the act occurred. [¶] (C) Was not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraud in fact."

As noted earlier in footnote 2, when the Legislature created the crime of sexual battery by fraudulent representation, section 261 was amended to add subdivision (a)(4)(D) setting forth another condition qualifying as "unconscious of the nature of the act." Paragraph (D) reads: "Was not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraudulent representation that the sexual penetration served a professional purpose when it served no professional purpose." (§ 261, subd. (a)(4)(D).)

102 Cal.App.4th at pp. 31, 34.) He argued that although lack of consent was not a *statutory* element of rape of an unconscious person, the statute necessarily implied an element of lack of consent. (*Id.* at p. 34.) The *Dancy* court rejected the contention.

First, the *Dancy* court found it significant that while the subdivision defining rape of an unconscious person does not contain a lack of consent element, other subdivisions of section 261 defining additional types of rape do contain the element of lack of consent. Based upon the rule of statutory construction that a court should not imply a missing phrase in one portion of a statute when the Legislature uses it in another portion of the statute, the appellate court concluded: "By including a lack of consent element in the subdivisions setting forth the elements of several types of rape but not including a lack of consent element in the subdivision setting forth the elements of rape of an unconscious person, the Legislature obviously made an explicit choice not to require proof of lack of consent where the victim was unconscious at the time of the act of sexual intercourse." (*Dancy, supra*, 102 Cal.App.4th at p. 35.)

Second, the *Dancy* court reasoned that the phrase "incapable of resisting" "describe[d] the victim's *actual* lack of *awareness* of the act rather than . . . the victim's *hypothetical lack of consent* to the act. Had the Legislature actually intended to require proof of the victim's actual or hypothetical lack of consent as an element of rape of an unconscious person, it would have been simple for the Legislature to include a lack of consent element as it did in other subdivisions of Penal Code section 261. Its failure to do so is indicative of its decision that sexual intercourse with an unconscious person is a criminal sexual offense regardless of real or hypothetical consent." (*Dancy, supra*, 102 Cal.App.4th at p. 35.)

By a parity of reasoning, lack of consent is not an element of sexual battery by fraudulent representation. The crime is committed because the defendant gains the victim's acquiescence to the intimate touching by fraudulently representing it has a professional purpose. This fraud renders the victim "unconscious of the nature of the act" (§ 243.4, subd. (c)).

Nothing suggests that the Legislature intended to impose a lack of consent element to this section or any of the other Penal Code provisions it modified in 2002. (See fn. 2, *ante.*) All of the statutory changes were enacted through passage of Senate Bill No. 1421 (2001–2002 Reg. Sess.). The Legislative

Counsel's Digest explained: "Under existing law, sexual battery, the touching for sexual purposes of an intimate part of a person against the will of the person touched, or of an intimate part of a person if the person is incapacitated, institutionalized, or in other specified circumstances, is a misdemeanor or felony. [¶] This bill would make touching an intimate part of another person for the purpose of sexual arousal, sexual gratification, or sexual abuse, if the victim is at the time unconscious of the nature of the act because the perpetrator fraudulently represented that the touching served a professional purpose, a sexual battery. . . . [¶] . . . [¶] Under existing law, sexual intercourse, sodomy, oral copulation, and causing penetration of the genital or anal openings, if for sexual purposes on a person unconscious of the nature of the act by a person aware of that unconsciousness, is a felony. Existing law defines 'unconscious of the nature of the act' to include, among other things, not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraud in fact. [¶] This bill would add to the definition of 'unconscious of the nature of the act' for purposes of these crimes a victim who was not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraudulent representation that the sexual penetration served a professional purpose when it served no professional purpose."[14] It is thus apparent that the intent of this law was to carve out in sexual assault cases an indirect exception to the principle that fraud in the inducement does not vitiate consent. The Legislature did so by finding that the fraud in the inducement renders the victim unconscious of the nature of the act. Significantly, the Legislature included no language to include "lack of consent" as an element in any of these statutes.

■ In sum, a defendant violates section 243.4, subdivision (c) by making a fraudulent representation that results in the victim's submitting to a specific intimate touching, not by committing an intimate touching against the victim's will. Because sexual battery requires that the intimate touching be against the will of the victim, it is not a lesser included offense to sexual battery by fraudulent representation. Stated another way, sexual battery by fraudulent representation cannot necessarily include sexual battery because the elements of the two crimes are not coextensive. A victim's submission to a specific intimate touching resulting from the defendant's fraudulent representation that that very touching serves a professional purpose is not the same as a defendant's intimate touching of a victim against her will or without her consent. A contrary conclusion would necessarily mean that consent is a

---

[14] The author of Senate Bill No. 1421 (2001–2002 Reg. Sess.) wrote: " 'Current law does not allow the victim of a fraudulent physical examination performed for sexual gratification or sexual abuse to prosecute for rape because the victim is unable to prove it is fraud in fact, *it was done with consent of the patient*, regardless of whether it was given unconscious of the real purpose. It was merely fraud in the inducement.' " (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1421 (2001–2002 Reg. Sess.) Apr. 16, 2002, p. F, quoted in *People v. Bautista, supra*, 163 Cal.App.4th at p. 776, some italics added and omitted.)

defense to sexual battery by fraudulent representation, a conclusion at odds with both the language of section 243.4, subdivision (c) and *Dancy, supra,* 102 Cal.App.4th 21.

Further, application of the principle that a jury may not convict of a lesser included offense before acquitting of the greater offense (*People v. Kurtzman* (1988) 46 Cal.3d 322 [250 Cal.Rptr. 244, 758 P.2d 572]; CALCRIM No. 3517) demonstrates that in light of the statutory language (the basis upon which we must determine if there is a lesser included offense), sexual battery cannot be a lesser included offense of sexual battery by fraudulent representation. If a jury acquits the defendant of sexual battery by fraudulent representation because it finds no intimate touching, it would likewise be compelled to acquit of sexual battery. If a jury acquits the defendant of sexual battery by fraudulent representation because it finds no sexual intent, it would also be compelled to acquit of sexual battery. And if a jury acquits the defendant of sexual battery by fraudulent representation because it finds that there was no fraudulent representation that the touching served a professional purpose rendering the victim unconscious of the nature of the act, that means one of two things, either of which compels an acquittal of sexual battery. One is that the defendant practiced another variant of fraud in the inducement. But, as explained earlier, that species of fraud would not vitiate any consent given so that the touching could not be considered against the will of the victim. Or it means that there was no fraud of any kind but, instead, a consensual encounter. In either case, the jury would be required to acquit of sexual battery.

That the trial court found the record contained substantial evidence to support convicting defendant of sexual battery and attempted sexual battery does not change this conclusion. As explained earlier, whether a crime is a necessarily lesser included offense is based upon analyzing the statutory language of the relevant crimes. The evidence presented at trial is not relevant; otherwise, a defendant would have a legitimate due process complaint. "When an accusatory pleading alleges a particular offense, it thereby demonstrates the prosecution's intent to prove all the elements of any lesser necessarily included offense. Hence, the stated charge notifies the defendant, for due process purposes, that he must also be prepared to defend against any lesser offense *necessarily included therein,* even if the lesser offense is not expressly set forth in the indictment or information. [Citations.]" (*People v. Birks* (1998) 19 Cal.4th 108, 118 [77 Cal.Rptr.2d 848, 960 P.2d 1073], italics added.)[15]

---

[15] "There are several practical reasons for not considering the evidence adduced at trial in determining whether one offense is necessarily included within another. Limiting consideration to the elements of the offenses and the language of the accusatory pleading informs a defendant, prior to trial, of what included offenses he or she must be prepared to defend

■ At best, sexual battery is a lesser related offense to sexual battery by fraudulent representation. ■ A lesser related offense is one "closely related to that charged and [for which] the evidence provides a basis for finding the defendant guilty [while finding him] innocent of the charged offense." (*People v. Toro* (1989) 47 Cal.3d 966, 974 [254 Cal.Rptr. 811, 766 P.2d 577], disapproved on another ground in *People v. Guiuan* (1998) 18 Cal.4th 558, 568, fn. 3 [76 Cal.Rptr.2d 239, 957 P.2d 928].) ■ While conviction *by jury* of an uncharged lesser related offense is proper if both parties consent to permitting the jury to consider that option (*People v. Birks, supra*, 19 Cal.4th at pp. 136–137 & fn. 19), that is not what happened in this case.[16] Here, the trial court invoked the power of section 1181, subdivision 6 to convict defendant. That provision provides, in relevant part: "*When the verdict or finding is contrary to law or evidence, but if the evidence shows the defendant to be* not guilty of the degree of the crime of which he was convicted, but *guilty* of a lesser degree thereof, or *of a lesser crime included therein, the court may modify the verdict*, finding or judgment accordingly . . . ." (Italics added.) ■ However, it is well settled that the trial court lacks the power to rely upon that statute to modify a verdict to reflect conviction of a lesser related offense. (*People v. Lagunas, supra*, 8 Cal.4th 1030.) Because the trial court's order exceeded its jurisdiction, we reverse.

## DISPOSITION

The judgment is reversed. The trial court is directed to set aside its order modifying the verdicts to reflect convictions of sexual battery (§ 243.4, subd. (e)(1)) and attempted sexual battery (§§ 664, 243.4, subd. (e)(1)) and to dismiss the amended information.

Suzukawa, J., concurred.

**MANELLA, J.,** Dissenting.—Applying the same framework as the majority for determining whether misdemeanor sexual battery is a lesser included

---

against. If the foregoing determination were to be based upon the evidence adduced at trial, a defendant would not know for certain, until each party had rested its respective case, the full range of offenses of which the defendant might be convicted. Basing the determination of whether an offense is necessarily included within another offense solely upon the elements of the offenses and the language of the accusatory pleading promotes consistency in application of the rule [defining lesser included offenses]." (*People v. Ortega, supra*, 19 Cal.4th at p. 698.)

[16] As noted earlier, defendant objected to the submission of instructions about sexual battery and attempted sexual battery.

offense of sexual battery by false representation, I come to a different result. I conclude both statutes require an intimate touching for sexual gratification without the victim's consent, and that sexual battery is a lesser included offense to the charge of sexual battery by fraudulent misrepresentation. The jury was instructed on both charges, and defense counsel addressed both. There was substantial evidence the victim did not consent to defendant's conduct. Accordingly, I would affirm the judgment below.

In the context of a sexual assault, "against the . . . will" of the victim is synonymous with " 'without the victim's consent.' " (*People v. Giardino* (2000) 82 Cal.App.4th 454, 460 [98 Cal.Rptr.2d 315].) Consequently, CALCRIM No. 938, the pattern instruction for sexual battery (Pen. Code, § 243.4, subd. (e)(1)), defines an act as being "against a person's will" if the person "does not consent to the act." The instruction explains: "In order to *consent*, a person must act freely and voluntarily and *know the nature of the act*." (Italics added.) (See maj. opn., *ante*, fn. 5.) A defendant therefore commits a sexual battery if he engages in an intimate, nonconsensual touching for the purpose of sexual gratification.

Sexual battery by fraudulent representation requires the victim to be "unconscious of the nature of the act" due to the perpetrator's misrepresentation (Pen. Code, § 243.4, subd. (c)). (See *People v. Ogunmola* (1987) 193 Cal.App.3d 274, 279 [238 Cal.Rptr. 300] [" 'unconscious of the nature of the act' " is "related to the issue of consent" when dealing with sexual assaults].) Because consent requires that the victim know the nature of the act, where the victim is unconscious of the nature of the act, she cannot consent. (See 2 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Sex Offenses and Crimes Against Decency, § 15, p. 328 [in sexual assault cases, "[t]here is no consent where the victim is unconscious of the nature of the act at the time, and the accused knows it"].)

With these definitions in mind, I part company with the majority's conclusion that while misdemeanor sexual battery requires that the touching be against the victim's will, i.e., without her consent, sexual battery by fraudulent representation presupposes the victim's consent through acquiescence. Both statutes require that the touching be nonconsensual. The only difference is that this element is satisfied in Penal Code section 243.4, subdivision (c) by demonstrating that the victim was unconscious of the nature of the act and thus did not consent.[1]

---

[1] The additional element in Penal Code section 243.4, subdivision (c), of course, is the defendant's fraudulent representation that the touching served a professional purpose. (See CALCRIM No. 937, quoted at maj. opn., *ante*, fn. 3.)

The holding in *People v. Dancy* (2002) 102 Cal.App.4th 21 [124 Cal.Rptr.2d 898] does not compel a contrary result. There, the defendant argued that the trial court should have instructed on consent as a defense to a charge of rape of an unconscious person. But the statute under which he was charged, Penal Code section 261, subdivision (a)(4), expressly prohibited sex with an unconscious person, recognizing that as a matter of law one who is unconscious cannot consent. The thrust of the court's decision in *Dancy* was the unremarkable proposition that one cannot consent in advance to being sexually assaulted against one's will. As the court recognized, there could be no " 'advance consent' " defense to a charge of rape of an unconscious person, "since the woman's lack of consciousness absolutely precludes her from making her lack of consent known at the time of the act." (*Dancy, supra*, 102 Cal.App.4th at p. 37.) Nothing in *Dancy* contradicts the proposition that sexual acts committed when the victim is unconscious—or, as here, unconscious of the nature of the act—are necessarily committed without the victim's consent, i.e., against her will.

Nor can I concur with the majority's conclusion that a defendant's acquittal of sexual battery by false representation would necessitate an acquittal of sexual battery. A trier of fact could find there had been no fraudulent representation depriving the victim of an awareness of the nature of the act, but that the defendant had nonetheless engaged in a nonconsensual touching for sexual gratification. For example, if the defendant told the victim he was going to clean her teeth, but proceeded to fondle her breasts, the jury might well conclude that what had occurred was a sexual battery, but not sexual battery by fraudulent representation. In essence, that is what the trial court concluded here. It found the evidence had not demonstrated that the victim was unaware of the nonprofessional, lascivious purpose of the intimate touching, but had demonstrated an intimate touching against the victim's will that qualified as a sexual battery.

In short, I conclude that the Bench Note to CALCRIM No. 937 correctly advises that misdemeanor sexual battery under Penal Code section 243.4, subdivision (e)(1) is a lesser included offense of sexual battery by false representation under section 243.4, subdivision (c). Both statutes require an intimate touching, for a lascivious purpose, without the victim's consent. If a victim does not know the nature of the act, she cannot consent, and under such circumstances, an intimate touching for the purpose of sexual gratification is necessarily at least a sexual battery.

Because sexual battery is a lesser included offense of sexual battery by false representation, defendant was on notice from the outset of the possibility that he could be convicted of the former. Additionally, the jury was instructed on the lesser included offense, and defense counsel addressed this charge in closing argument.

I would affirm the judgment below.