Filed 8/25/16  P. v. Rivas CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052012 |
| v. | (Super. Ct. No. 12WF2895) |
| JAMES ANTHONY RIVAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lance Jensen, Judge.  Affirmed.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Kristen Chenelia, Tami Falkenstein Hennick and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted James Anthony Rivas of attempted murder, assault with a deadly weapon, and mayhem. Rivas argues the court should have given attempted robbery instructions because the prosecutor argued attempted robbery was a possible motive for the attempted murder. We disagree and affirm the judgment.

## FACTS

One October night, Rivas attacked a female jogger with a knife. Although he managed to inflict several stab wounds, the victim escaped. The vicitm told investigating officers she thought the man intended to rob her. She offered him her iPod and cell phone, but that did not stop the attack.

When police officers later located and arrested him, Rivas asked them, "How did you catch me?" Rivas told the officers he had been drinking with friends all day, and he sometimes forgets things after drinking. He only remembered coming home and throwing his knife on the ground outside his house before going to bed.

Officers found a couple of items that linked Rivas to the crime. They found a knife near the location of Rivas's arrest. The knife had Rivas's and the victim's blood on it. In Rivas's house, the officers found a pair of blood-stained gloves. The blood on the gloves also matched Rivas and the victim.

Rivas did not testify at trial. His friend, Justin Yorba, said he and Christian Lloyd spent the afternoon of the attack with Rivas at Yorba's house. At one point, they drank some beer, and smoked a joint. Rivas showed Yorba his knife. Rivas and Lloyd left Yorba's house around 7:30 p.m. on their bicycles. Rivas told Yorba they were going to Rossmoor to get some money. Yorba remembered that Rivas was very intoxicated.

## DISCUSSION

The prosecutor charged Rivas with attempted murder, mayhem, and assault with a deadly weapon. Defense counsel asked the court to instruct the jury on attempted robbery as a lesser offense of attempted murder. The court refused because attempted robbery is not a lesser included offense of attempted murder.

Rivas acknowledges he was not charged with attempted robbery, but claims the prosecutor's argument to the jury was "accusatory in nature" and "functionally very much like an accusation made in writing in a filed information." Rivas contends the court erred by refusing to instruct on attempted robbery, and by not giving the jury an "attempted robbery verdict option." We are not persuaded.

The prosecution has broad discretion in deciding which charges to bring against a defendant and the "courts do not generally supervise [this] 'purely prosecutorial function[].' [Citations.]" (*People v. Ceja* (2010) 49 Cal.4th 1, 7; *People v. Richardson* (2008) 43 Cal.4th 959, 1013.) Due process, however, imposes a sua sponte duty on trial courts to instruct the jury on a lesser included offense "when the record contains substantial evidence of the lesser offense . . . ." (*People v. Moore* (2011) 51 Cal.4th 386, 408-409.)

In contrast, "a trial court has no sua sponte duty to instruct on lesser related offenses." (*People v. Lam* (2010) 184 Cal.App.4th 580, 583 [defendant has no right to instructions on lesser related offenses even if he requests the instruction and it would have been supported by substantial evidence].) A lesser related offense is one closely related to the charged offense, but the evidence must provide a basis for finding the defendant guilty of the related offense and innocent of the charged offense. (*People v. Babaali* (2009) 171 Cal.App.4th 982, 1000, disapproved on another point in *People v. Robinson* (2016) 63 Cal.4th 200, 209, fn. 4.)

Here, the court correctly denied Rivas's request for an attempted robbery instruction. Attempted robbery was not a charged offense, nor was it a lesser included offense of attempted murder. (See Pen. Code, §§ 21a, 187, 211.) Even so, Rivas asserts the prosecutor's argument to the jury triggered the court's duty to instruct on attempted robbery under *People v. Birks* (1998) 19 Cal.4th 108. But, *Birks* does not aid Rivas. It held instructions on uncharged lesser-related crimes are improper unless agreed to by the prosecution. (*Birks,* at pp. 137-138.) In this case the prosecution objected.

3

## DISPOSITION

The judgment is affirmed.

THOMPSON, J.

WE CONCUR:

ARONSON, ACTING P. J.

IKOLA, J.

4