Filed 5/23/16

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,                                    )
                                               )
      Plaintiff and Respondent,        )
                                               )        S220247
      v.                                )
                                               )    Ct.App. 4/3 G048155
LEE HOANG ROBINSON,                            )
                                               )      Orange County
      Defendant and Appellant.         )  Super. Ct. No. 11WF0857
_____)

It is a commonly stated rule that if the statutory elements of a crime include the elements of another offense, so that the first offense cannot be committed without also committing the second, the second is a "lesser offense" that is "necessarily included" in the first. (E.g., *People v. Bailey* (2012) 54 Cal.4th 740, 748 (*Bailey*).) As this case demonstrates, however, when the same evidence is required to support *all* the elements of both offenses, there is no lesser included offense.

The issue here is whether misdemeanor sexual battery is a lesser included offense of sexual battery by misrepresentation of professional purpose. Penal Code section 243.4, subdivision (c) prohibits touching an intimate part of another person for a sexual purpose when "the victim is at the time unconscious of the nature of the act because the perpetrator fraudulently represented that the touching served a professional purpose." That offense can be punished as either a felony or a misdemeanor. Section 243.4, subdivision (e)(1) provides that it is a

1

misdemeanor to touch an intimate part of another person for a sexual purpose "if the touching is against the will of the person touched."**1** We use the term "misdemeanor sexual battery" to refer to the section 243.4(e)(1) offense.

In this case, defendant was convicted of multiple counts of sexual battery by misrepresentation of professional purpose. In the Court of Appeal, the Attorney General conceded there was insufficient evidence that two of the four victims were deceived by defendant's misrepresentations. The court held that misdemeanor sexual battery is a lesser included offense of sexual battery by misrepresentation of professional purpose, so that convictions of the greater offense could be reduced to the lesser.

The court erred. It is true that every defendant who commits sexual battery by misrepresentation of professional purpose also commits misdemeanor sexual battery: The victim has been touched for a sexual purpose without consenting. However, the victim's lack of consent arises from a particular circumstance created by the defendant's misrepresentation. If the evidence does not support that circumstance, the misdemeanor offense cannot stand on the same factual foundation. Here, the evidence failed to show that two of the victims' consent was negated by misrepresentation. That evidence was equally insufficient to establish lack of consent for purposes of misdemeanor sexual battery. Lack of consent may be shown in other ways to prove the misdemeanor offense, but the jury did not consider alternate grounds. Moreover, a charge of sexual battery under section 243.4(c) does not notify the defendant of the need to contest the consent issue on any basis other than the alleged fraudulent representation. Accordingly,

---

**1** All statutory references are to the Penal Code. Hereafter, we refer to the above cited statutes as sections 243.4(c) and 243.4(e)(1).

2

misdemeanor sexual battery cannot be deemed a lesser included offense of sexual battery by misrepresentation of professional purpose.

## I.  BACKGROUND

The facts are undisputed.  Defendant Lee Hoang Robinson worked in a beauty salon.  One day in December 2009 he approached 17-year-old Dianna N., who worked nearby, and offered her a free facial if she would come to the salon after hours.  He told her she could bring a friend as well.  Dianna and her 18-year-old sister, Christine, decided to accept his offer.  Their mother drove them to the salon and waited while they went with defendant.

Defendant took them to a back room to change.  They removed their tops and bras and donned robes.  Defendant then had them lie on tables, where he covered their eyes and applied a facial cream that hardened into a mask.  He said he was going to give them a "European massage."  He began by rubbing their upper bodies, but eventually unbuttoned their pants and rubbed their vaginal areas. Dianna and Christine were uncomfortable but voiced no objection.  However, when defendant tried to insert his finger in Christine's vagina, she pushed his hand away and pulled up her underwear.  Defendant went back to massaging her arms, stomach, and breasts.  After a few more minutes, he left the sisters alone to get dressed.  They spoke briefly with each other about what had happened, but did not tell their mother until several months later.

In the meantime, defendant enticed two older victims.  In March 2010, he approached 37-year-old Trang T. in a store, telling her he owned a salon.  He offered her $40 to be his "model" while he demonstrated facial and massage techniques for students later in the evening.  Trang agreed, came to the salon, and changed into a gown.  No students were present, but defendant said he was going to begin in their absence.  He rubbed lotion on her face, then oiled his hands and began massaging her arms, legs, and feet.  Trang said she did not like him

3

touching her body, but defendant told her to relax and began rubbing oil on her breasts. Trang did not believe him when he said all his clients loved this treatment. When he tried to slip his hands beneath her underwear, she told him to stop. He did, but then turned her over and massaged her buttocks. Trang said nothing because she did not want to anger defendant. Eventually, he inserted his finger into her vagina. Trang said she was late for a class and had to leave. Defendant began wiping the oil from her body, and in the process digitally penetrated her again. Trang protested, but defendant repeated the act a third time. Trang grabbed her clothes, left, and reported the incident to the police. When the police questioned him, defendant denied any wrongdoing.

Four months later, he promised 24-year-old Odette M. a free facial if she came to the salon in the evening. He took her to a back room, had her change into a robe, and put cream on her face. He then began rubbing oil on her body, though he had said nothing about a massage. Odette objected immediately, but defendant told her to relax and slipped his hands beneath her underwear, rubbing her vaginal area. When she objected again, he assured her he provided this service to all his clients. After repeated demands, defendant finally put Odette's robe back in place, but then began massaging her shoulders and squeezing her breasts. She protested again, and finally defendant stopped. However, he wiped a towel over her body, including her vaginal area and breasts. He told her to leave the cream on her face for 10 minutes. She did so, out of fear. Defendant returned, wiped her face, and asked for her phone number. Odette dressed and left, angrily confronting defendant when she encountered him in the parking lot. About a week later, she reported the incident to the police.

Defendant was charged with eight counts of sexual battery by misrepresentation of professional purpose, two counts for each victim. He was also charged with digitally penetrating Trang. A jury convicted him as charged.

4

The Court of Appeal upheld the battery convictions related to the two younger victims. However, it accepted the Attorney General's concession that the evidence was insufficient with respect to Trang and Odette, because they never believed defendant's touchings served a professional purpose. The court then weighed whether to dismiss the counts involving those victims, or reduce the convictions to misdemeanor sexual battery as a lesser included offense. Disagreeing with *People v. Babaali* (2009) 171 Cal.App.4th 982 (*Babaali*), the court held that misdemeanor sexual battery is necessarily included in the crime of sexual battery by misrepresentation of professional purpose. It affirmed the judgment after modifying it to reflect the lesser offense on the four counts involving Trang and Odette.

## II. DISCUSSION

Under section 1181, subdivision 6, a jury verdict not supported by the evidence may be modified if the record establishes the defendant's guilt of a lesser included offense.[2] The requirement that the lesser offense be included in the greater "is based upon due process considerations: A criminal defendant must be given fair notice of the charges against him in order that he may have a reasonable opportunity properly to prepare a defense and avoid unfair surprise at trial." (*People v. Anderson* (1975) 15 Cal.3d 806, 809.) The requirement also preserves the jury's role as the finder of fact. The modification permitted by section 1181, subdivision 6 "merely brings the jury's verdict in line with the evidence presented

---

[2] "When the verdict or finding is contrary to law or evidence, but . . . the evidence shows the defendant to be . . . guilty . . . of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the cause may be appealed." (§ 1181, subd. 6; see also § 1260, authorizing reviewing courts to "reduce the degree of the offense" on appeal.)

at trial." (*People v. Navarro* (2007) 40 Cal.4th 668, 679.) The reviewing court corrects the verdict " 'not by finding or changing any fact, but by applying the established law to the existing facts *as found by the jury*.' " (*Ibid.*, italics added, quoting *People v. Cowan* (1941) 44 Cal.App.2d 155, 162.)

To ascertain whether one crime is necessarily included in another, courts may look either to the accusatory pleading or the statutory elements of the crimes. When, as here, the accusatory pleading incorporates the statutory definition of the charged offense without referring to the particular facts, a reviewing court must rely on the statutory elements to determine if there is a lesser included offense. (*People v. Anderson*, *supra*, 15 Cal.3d at p. 809; see *People v. Shockley* (2013) 58 Cal.4th 400, 404 (*Shockley*).) "The elements test is satisfied if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, such that all legal elements of the lesser offense are also elements of the greater. [Citation.] In other words, ' "[i]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former." ' " (*Bailey*, *supra*, 54 Cal.4th at p. 748.)[3] Nevertheless, if the *same* evidence is required to support *all* elements of both offenses, there is no lesser included offense. (*Shockley*, at pp. 405-406.) Each is its own offense, based on different statutes that apply to the same conduct; neither can be said to be a lesser of the other.

A. *The Lack of Consent Requirement*

Before considering the application of the elements test in this case, we resolve the parties' dispute over whether the crime of sexual battery by

---

[3] Lesser included offenses are distinguished from lesser *related* offenses, which "merely bear some relationship" to another offense. (*People v. Birks* (1998) 19 Cal.4th 108, 119.)

misrepresentation of professional purpose requires lack of consent. The answer to this question has ramifications for a number of sex offenses. Section 243.4(c) contemplates a victim who is "unconscious of the nature of the act because the perpetrator fraudulently represented that the touching served a professional purpose." Section 243.4(e)(1) includes the requirement that "the touching is against the will of the person touched." The Attorney General argues that despite the distinctions between these statutory formulations, they amount to the same thing: the victim's lack of consent to the touching. Defendant contends that section 243.4(c) simply criminalizes sexual battery in one narrow circumstance, without imposing any requirement as to the victim's consent.

Case law and legislative history support the Attorney General's position. In the sexual assault context, it is settled that " 'without the victim's consent' " has the same meaning as " 'against the victim's will.' " (*People v. Giardino* (2000) 82 Cal.App.4th 454, 460; see *People v. Lee* (2011) 51 Cal.4th 620, 635, fn. 10; *People v. Ogunmola* (1987) 193 Cal.App.3d 274, 279 (*Ogunmola*).) Here we must determine whether a touching is without consent when the victim is "unconscious" of its sexual nature under section 243.4(c). If so, the defendant's act is also "against the will" of the victim under section 243.4(e)(1). It is apparent from the history of section 243.4(c) that the Legislature indeed intended the statute to establish that misrepresentation of professional purpose may negate a victim's consent.

When it enacted section 243.4(c), the Legislature also amended four other sex crime statutes to add misrepresentation of professional purpose to listed circumstances where a victim is "unconscious of the nature of the act." (Sen. Bill No. 1421 (2001-2002 Reg. Sess.) (hereafter SB 1421), enacted by Stats. 2002, ch. 302, p. 1198 and also amending §§ 261, subd. (a)(4) [rape], 286, subd. (f) [sodomy], 288a, subd. (f) [oral copulation], 289, subd. (d) [sexual penetration].)

7

One such circumstance was, and is, "fraud in fact." (§§ 261, subd. (a)(4)(C), 286, subd. (f)(3), 288a, subd. (f)(3), 289, subd. (d)(3).) The record of SB 1421's passage includes extensive discussion of the common law distinction between fraud in fact, which was deemed to vitiate consent, and fraud in the inducement, which was deemed not to do so. (Sen. Com. on Public Safety, Rep. on SB 1421 [Apr. 16, 2002] pp. G-K (Senate Committee Report), reviewing *Ogunmola*, *supra*, 193 Cal.App.3d 274; and *Boro v. Superior Court* (1985) 163 Cal.App.3d 1224 (*Boro*); see *Babaali*, *supra*, 171 Cal.App.4th at p. 988.)

At common law, fraud in fact occurs when the defendant obtains the victim's consent to an act but then engages in a *different* act. Fraud in the inducement is committed when the defendant uses misrepresentations to gain the victim's consent to an act, and then performs that *same* act. (*Babaali*, *supra*, 171 Cal.App.4th at p. 987.) In *Ogunmola*, a gynecologist who raped his victims during pelvic examinations was guilty under a fraud in fact theory. His victims consented to pelvic examinations, not sexual intercourse, and did not realize the "nature of the act" until it had already occurred. (*Ogunmola*, *supra*, 193 Cal.App.3d at p. 281, italics omitted.) Conversely, in *Boro* the defendant tricked his victim into having intercourse as a treatment for disease. The victim consented to an act of intercourse, accepting Boro's representation that it served a medical purpose. (*Boro*, *supra*, 163 Cal.App.3d at pp. 1226-1227.) The court held that Boro committed only fraud in the inducement, and therefore was not guilty of rape. (*Id.* at p. 1229.)

The Legislature considered these precedents, giving careful attention to the question of consent, when it framed the offense of sexual battery by misrepresentation of professional purpose. It understood that under the common law, perpetrators of sexual offenses by way of fraud in the inducement escaped punishment. Although an earlier Legislature had responded to the *Boro* case by

8

passing section 266c, that statute requires the defendant's fraudulent representation to create fear in the victim. (See Sen. Com. Rep., *supra*, at p. N.) The proponents of SB 1421, motivated by incidents in which patients were sexually abused under the guise of medical treatment, wanted to ensure that "sex offenses committed by fraudulent inducement involving a purported professional purpose can be prosecuted," even without proof of the victim's fear. (*Id*. at p. N.)

When the Legislature acted to criminalize that behavior, it had before it a committee report quoting the *Boro* court's comment that "the Legislature well [understands] . . . how to specify certain fraud in the inducement as vitiating consent." (*Boro*, *supra*, 163 Cal.App.3d at p. 1229; Sen. Com. Rep., *supra*, at p. I.) The terms of section 243.4(c), and of the other sex crime statutes amended to include misrepresentation of professional purpose, reflect the Legislature's intent that this kind of fraud in the inducement would henceforth be deemed to vitiate consent. Like fraud in fact, a successful misrepresentation of professional purpose results in the victim being "unconscious of the nature of the act." (§§ 243.4(c), 261, subd. (a)(4), 286, subd. (f), 288a, subd. (f), 289, subd. (d).) In that circumstance, there is no legal consent. Section 261.6, which defines " 'consent' " for purposes of sections 261, 286, 288a, and 289, specifies that the term means "positive cooperation in act or attitude pursuant to an exercise of free will. The person must act freely and voluntarily and *have knowledge of the nature of the act* or transaction involved." (Italics added.) The term "unconscious of the nature of the act," as used in the statutes addressed by SB 1421, is based on this understanding of the consent requirement. (See Sen. Com. Rep., *supra*, at p. E, quoting § 261.6.)[4]

---

[4]    In *Babaali*, the majority found no indication in the history of SB 1421 that the Legislature meant to include a lack of consent element in any of the statutes

*(footnote continued on next page)*

9

Thus, the Legislature has refined the consent requirements for sex crimes to include not only the ordinary circumstance where consent is never given, but also more complicated circumstances where it is obtained through deceit. A woman who is groped on a crowded bus is plainly subjected to a sexual touching without her consent. That is the sense in which consent is ordinarily understood. But under section 243.4(c), a woman who is tricked into a sexual touching under the pretense of a professional purpose is also touched without her legal consent.

B. *Application of the Elements Test*

The parties agree that misdemeanor sexual battery and sexual battery by misrepresentation of professional purpose share two elements: The defendant must touch an intimate part of the victim, and do so with a sexual purpose. Given our conclusion that section 243.4(c) requires lack of consent, every defendant who violates that statute also satisfies the third element of misdemeanor sexual battery, because the victim is sexually touched without consenting.[5] The traditional description of the elements test would appear to make misdemeanor sexual battery a lesser included offense of sexual battery by misrepresentation of professional

_____

*(footnote continued from previous page)*

criminalizing fraudulent representation of a professional purpose. (*Babaali*, *supra*, 171 Cal.App.4th at pp. 997-998.) While we disagree on that point, we reach the same result as the *Babaali* majority: Misdemeanor sexual battery is not a lesser included offense of sexual battery by misrepresentation of professional purpose.

[5] The parties characterize each of these crimes as encompassing three elements, but section 243.4(c) actually sets out four. As stated in the CALCRIM instruction given in this case, they are: (1) an intimate touching, (2) a sexual purpose, (3) a fraudulent representation of a professional purpose, and (4) consequent unconsciousness of the sexual nature of the act on the part of the victim. (CALCRIM No. 937.) Nevertheless, as we have explained, the last two elements of section 243.4(c) outline a circumstance where the victim's consent is lacking, which is equivalent to the third element of misdemeanor sexual battery.

10

purpose. (See *Bailey*, *supra*, 54 Cal.4th at p. 748 [if one crime cannot be committed without also committing a lesser offense, the latter is an included offense].) However, the traditional description is insufficient in circumstances where the same evidence is needed to establish *all* elements of *both* offenses. In such a case, if the evidence fails to support the jury's finding on any element of one offense, the remaining findings are insufficient to support a conviction of the other. The two offenses overlap entirely based on the facts presented and the manner in which the case is tried, leaving no room for a lesser included offense.

An analogous situation was presented in *Shockley*. There the defendant was charged with lewd conduct with a child. (§ 288, subd. (a).) He claimed the trial court was required to instruct the jury on battery as a lesser included offense. (§ 242; *Shockley*, *supra*, 58 Cal.4th at p. 403.) His argument was that a touching with lewd intent, as required by section 288, subdivision (a), is necessarily a "harmful or offensive touching" under section 242. (*Shockley*, at p. 405.) The argument failed. The defendant's theory "would mean this form of battery (where lewd conduct supplies the required harmful or offensive touching) is not a *lesser* and *included* offense of lewd conduct but is essentially the *identical* offense. If guilt of battery is predicated on guilt of lewd conduct — i.e., if a person is guilty of battery *because* that person committed lewd conduct — neither crime would have an element not also required of the other. Substantial evidence could never exist that an element of the lewd conduct offense is missing but that the defendant is guilty of battery as a lesser included offense. [Citation.] A jury could never find the defendant not guilty of lewd conduct (perhaps because of the lack of lewd intent), but guilty of battery, without finding some *other* element of battery not included within lewd conduct. Accordingly, even under defendant's argument, the court would never have to instruct on battery as a lesser included offense of lewd conduct." (*Ibid.*)

11

In *Shockley*, if lewd conduct were the only ground on which a touching was "offensive" for purposes of battery, then simple battery could be not be a lesser included offense. Here the problem arises in a different context, but the result is the same. The prosecution's theory was that defendant's misrepresentations negated any consent on the part of Trang and Odette. The theory failed because the women were not deceived. Lack of consent for purposes of misdemeanor sexual battery could not be premised on the jury's unsupported findings on the charges of sexual battery by misrepresentation of professional purpose. In order to convict defendant of the misdemeanor offense, the jury would have had to find lack of consent on a basis *other than* fraud.[6] As in *Shockley*, a finding of a different form of one element was required, and therefore the lesser offense is not included in the greater. (*Shockley*, *supra*, 58 Cal.4th at p. 405.)

*Bailey* is also instructive. There the defendant was convicted of escaping from prison, but the evidence did not show that he ever reached an unauthorized location, as required by the escape statute. We considered whether the conviction could be reduced to attempted escape as a lesser included offense. (*Bailey*, *supra*, 54 Cal.4th at p. 747.) We decided it could not, because attempted escape has a specific intent requirement that is not included in the crime of escape. (*Id*. at p. 749.) Pertinent to our analysis here, we reasoned that when a reviewing court modifies a conviction to reflect a lesser included offense, it is not empowered to make additional factual findings. It may only conform the verdict to the facts as found by the jury. In *Bailey*, "the case was tried solely as an escape, the trial court

---

**6**     Section 243.4(e)(1) is a " 'catchall' provision," encompassing a variety of forms of lack of consent. (*People v. Smith* (2010) 191 Cal.App.4th 199, 207; see *id*. at pp. 208-209 [misdemeanor sexual battery may be committed against a victim who is unconscious or too intoxicated to consent].)

12

did not instruct on attempt to escape, and the jury was never required to make a finding of specific intent to escape . . . . Because the crime of attempt to escape is not necessarily included in the offense of escape under the elements test, the jury, by finding defendant guilty of escape, did not impliedly find all the elements of the attempt offense." (*Id*. at p. 752.)

So too here, the jury was not asked to decide whether Trang and Odette agreed to defendant's acts. It was only told to consider whether his misrepresentations rendered them "unconscious of the nature of the act[s]." (§ 243.4(c).) On the evidence presented, the jury could have found that neither woman agreed to defendant's touching even though they were not deceived. But it did not consider lack of consent in this ordinary sense. It is not enough to say the jury *could* have made a finding required to support a conviction, if the record does not show that it *did* make the finding. To conclude that Trang and Odette were aware of the nature of defendant's acts but did not consent, the Court of Appeal was required to engage in factfinding of its own. It considered an alternate theory of liability, asserted for the first time on appeal. Section 1181, subdivision 6 does not authorize such a judicial undertaking. (*Bailey*, *supra*, 54 Cal.4th at p. 752; *People v. Navarro*, *supra*, 40 Cal.4th at p. 679; *People v. Cowan*, *supra*, 44 Cal.App.2d at p. 162.)

There is a further reason why misdemeanor sexual battery cannot be considered a lesser included offense of sexual battery by misrepresentation of professional purpose. We touched upon the point in *Shockley*. The consent element of misdemeanor sexual battery is a general one, whereas sexual battery by misrepresentation of professional purpose contemplates a specific circumstance in which consent is vitiated. In *Shockley* we pointed out the notice problems that can arise if a narrower charged offense is deemed to include a broader lesser offense. Shockley was charged only with lewd conduct, but a battery might have been

13

based on an offensive touching of some other kind. We observed, " '[a] criminal defendant must be given fair notice of the charges against him in order that he may have a reasonable opportunity properly to prepare a defense and avoid unfair surprise at trial.' (*People v. Anderson*, *supra*, 15 Cal.3d at p. 809.) Convincing the jury there was no lewd intent would be a complete defense to a lewd conduct charge. Charging only lewd conduct would not provide the defendant with notice of the need to defend additionally against a battery charge based on an offensive touching not included within the elements of lewd conduct." (*Shockley*, *supra*, 58 Cal.4th at p. 406; see *People v. Lohbauer* (1981) 29 Cal.3d 364, 368-371.)

Similarly here, defendant was not given notice to prepare a defense against the charge that he touched his victims without their consent in any way other than by tricking them into thinking they were receiving a professional service. If misdemeanor sexual battery had been charged, he would have been on notice of the need to defend against that charge. He may have chosen to argue that, even though Trang and Odette were not misled by his promises of a professional service, they actually did consent to being touched. But he was not given that notice and the jury was not asked to consider whether the victims consented in the ordinary sense. For all these reasons, misdemeanor sexual battery cannot be considered a lesser included offense of sexual battery by misrepresentation of professional purpose. The court erred by modifying defendant's convictions under section 1181, subdivision 6.[7]

---

[7] The lesser included offense doctrine applies in three areas: (1) jury instructions, which were at issue in *Shockley*, *supra*, 58 Cal.4th 400; (2) sentence modification under section 1181, subdivision 6, at issue here and in *Bailey*, *supra*, 54 Cal.4th 740; and (3) multiple convictions, which may not be based on necessarily included offenses (see *People v. Pearson* (1986) 42 Cal.3d 351, 355). In the multiple conviction context, the doctrine sometimes operates differently. (See *People v. Reed* (2006) 38 Cal.4th 1224, 1227-1231 [accusatory pleading test

*(footnote continued on next page)*

## III. DISPOSITION

We reverse the judgment of the Court of Appeal, and remand for further proceedings consistent with this opinion.

**CORRIGAN, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**WERDEGAR, J.**
**CHIN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

---

*(footnote continued from previous page)*

does not apply].)  We have no occasion here to consider whether our analysis of the elements test would apply to a defendant facing multiple convictions.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Robinson

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 227 Cal.App.4th 387
**Rehearing Granted**

_____

**Opinion No.** S220247
**Date Filed:** May 23, 2016

_____

**Court:** Superior
**County:** Orange
**Judge:** James A. Stotler

_____

**Counsel:**

Leonard J. Klaif, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette and Gerald A. Engler, Chief Assistant Attorneys General, Julie L. Garland, Assistant Attorney General, Steven T. Oetting, Deputy State Solicitor General, Melissa Mandel, Laura A. Glennon, Lise S. Jacobson and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Leonard J. Klaif
P.O. Box 1657
Ojai, CA  93024
(805) 640-9659

Laura Baggett
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA  92101
(619) 645-3120