Filed 7/29/16  P. v. Robinson CA4/3
Opinion on remand from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LEE HOANG ROBINSON,<br><br>    Defendant and Appellant. | G048155<br><br>(Super. Ct. No. 11WF0857)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, James A. Stotler, Judge.  Affirmed in part, reversed in part and remanded for resentencing.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Laura A. Glennon Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

This case comes to us on remand from the California Supreme Court. Appellant Lee Hoang Robinson was convicted of multiple counts of sexual battery by misrepresentation of professional purpose. On appeal, we determined there was sufficient evidence to support appellant's convictions as to two of his victims but insufficient evidence to support his convictions as to two other victims. On the counts with insufficient evidence, we reduced appellant's convictions to misdemeanor sexual battery under the lesser included offense doctrine.

In granting appellant's petition for review, the California Supreme Court limited the scope of its review to whether misdemeanor sexual battery is a lesser included offense of sexual battery by misrepresentation of professional purpose. Under the circumstances presented in this case, the Supreme Court ruled the elements of the two offenses overlapped in such a way as to leave no room for the lesser offense. (*People v. Robinson* (2016) 63 Cal.4th 200.) In light of this ruling, we reverse appellant's convictions on the subject counts – counts one, two, four and five – *without modification*. Because the trial court structured appellant's sentence based on those counts, the matter is remanded for resentencing. In all other respects, the judgment is affirmed.


                                        BEDSWORTH, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.

2