Filed 11/2/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DOUGLAS MACARTHUR CHENELLE,<br><br>　　　Defendant and Appellant. | A147073<br><br>(Solano County<br>Super. Ct. No. VCR222448) |

**INTRODUCTION**

A jury convicted defendant Douglas Chenelle of committing a lewd act on a dependant adult by a caretaker, a violation of Penal Code section 288, subdivision (c)(2).[1] Defendant contends the trial court erred by refusing to instruct on simple battery (§ 242) as a lesser necessarily included offense. We disagree, and affirm.

**STATEMENT OF THE CASE**

An information filed in Solano County charged defendant with four counts of committing a lewd act on a dependent adult by a caretaker. (§ 288, subd. (c)(2).) A jury acquitted defendant of three counts and convicted him of one (count 4, committed on June 25, 2013). The trial court sentenced defendant to two years in state prison. Because defendant's custody and conduct credits exceeded the time imposed, the court ordered his release. The court also ordered defendant to register as a sex offender. (§ 290.) Defendant timely appeals.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

## STATEMENT OF FACTS

T.P. has a moderate intellectual disability, with an IQ of 46, and cerebral palsy. He functions at an elementary school child level or younger. Because of his cerebral palsy, he needs a wheelchair to get around and has difficulty speaking. He also suffers from urinary incontinence and needs assistance cleaning himself after bowel movements.

T.P. was 28 years old at the time of trial. He lives in Fairfield with his mother, but for at least 10 years he has attended Milestones Development, a day program in Vallejo for adults with developmental disabilities.

Defendant was hired by Milestones Development to teach ceramics in 1999. Later, he was assigned client care responsibilities. He was assigned to care for T.P. because T.P. expressed interest in ceramics. Defendant had worked with T.P. since 2004 or 2005.

Valerie Frazier was a supervisor at Milestones. T.P. was in her day program five days a week for almost 10 years. On June 25, 2013, a staff member told Frazier T.P. was in the ceramics room. Because she knew T.P. was not scheduled to be in the ceramics room at that time, she went there to find him. The door was closed, contrary to standard procedure. When she tried to open it, she found it was barred shut by a metal bar, which clattered to the floor when she forced the door open. She saw defendant standing bent over T.P., who was in his wheelchair, with "his hands down in [T.P.'s] pants, and he was fondling with [T.P.'s] penis." She wheeled T.P. to the office of Terri Rolland, Milestone's administrator. While Frazier waited with T.P. for Rolland to see them, defendant approached and offered to take T.P. to the activity table. Frazier refused.

Frazier told Rolland she had seen defendant with his hands inside T.P.'s pants. T.P. confirmed this. Rolland went to the ceramics room to confront defendant. Defendant said he "was just fixing [T.P.'s] pants." Rolland put defendant on administrative leave while an investigation was conducted.

2

T.P. was interviewed by a police officer the next day at Milestones. T.P. confirmed defendant had put his hand down his pants and "rubbed" his penis. Asked if defendant had ever touched him before, T.P. said yes. At a followup interview on July 22, 2013, T.P. repeated that defendant had touched him in the ceramics room. Asked how defendant had touched his penis, T.P. "gripped the palm of his hand and was moving it in an up-and-down stroking motion." According to T.P., there was some sexual talk in his ear while defendant was rubbing T.P.'s penis, and it made him feel weird. T.P said he did not want defendant to rub his penis, and he asked defendant to stop, but defendant did not stop. T.P. said it had happened two or three other times in the men's bathroom.

Police were unsuccessful in making contact with defendant at his residence on least three occasions. He was arrested on a warrant in June 2014.

Before the ceramics room incident, Frazier saw defendant on his knees in a bathroom stall with T.P. Defendant indicated he was assisting T.P. with "a number two," but T.P. said it was a "number one." Another staff member testified she had seen defendant in the bathroom stall with T.P. "about ten times."

Another staff member testified for the defense that she had also seen defendant on his knees in the bathroom stall. When she looked through a hole in the stall door she saw defendant pulling toilet paper for T.P. and she did not see or hear "anything sexual" going on. A family friend who had known defendant all his life testified she had never known defendant to make unwanted sexual advances on anyone, and the current charges did not change her good opinion of him.

T.P.'s trial testimony was equivocal about what happened, where it happened, how many times it happened, and whether he wanted it to happen.

## DISCUSSION

Prior to trial, defense counsel requested an instruction on simple battery (§ 242) as a lesser necessarily included offense of the charged crimes. The prosecution opposed the

3

request, citing *People v. Shockley* (2013) 58 Cal.4th 400 (*Shockley*). The court heard argument on whether *Shockley* precluded instruction on battery as a lesser necessarily included offense of violating section 288, subdivision (c)(2). The court concluded there was "not evidentiary support, nor legal authority[,] for the court to give the lessers." We agree.

"[A]n offense expressly alleged in an accusatory pleading may necessarily include one or more lesser offenses. The definition of a lesser necessarily included offense is technical and relatively clear. Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser. [Citations.] [¶] When an accusatory pleading alleges a particular offense, it thereby demonstrates the prosecution's intent to prove all the elements of any lesser necessarily included offense. Hence, the stated charge notifies the defendant, for due process purposes, that he must also be prepared to defend against any lesser offense necessarily included therein, even if the lesser offense is not expressly set forth in the indictment or information. [Citations.] The statutory law of California explicitly provides that the defendant may be found guilty 'of any offense, the commission of which is *necessarily included* in that with which he is charged.' (§ 1159, italics added.) [¶] Consistent with these principles, California decisions have held for decades that even absent a request, and even over the parties' objections, the trial court must instruct on a lesser offense necessarily included in the charged offense if there is substantial evidence the defendant is guilty only of the lesser." (*People v. Birks* (1998) 19 Cal.4th 108, 117–118; *People v. Breverman* (1998) 19 Cal.4th 142, 162 (*Breverman*).) " 'Substantial evidence' in this context is " 'evidence from which a jury composed of reasonable [persons] could . . . conclude[]" ' that the lesser offense, but not the greater, was committed." (*Breverman*, at p. 162.)

4

"To ascertain whether one crime is necessarily included in another, courts may look either to the accusatory pleading or the statutory elements of the crimes. When, as here, the accusatory pleading incorporates the statutory definition of the charged offense without referring to the particular facts, a reviewing court must rely on the statutory elements to determine if there is a lesser included offense." (*People v. Robinson* (2016) 63 Cal.4th 200, 207 (*Robinson*); *Shockley, supra,* 58 Cal.4th at p. 404.)

Using the statutory elements test, in *Shockley, supra*, 58 Cal.4th 400, our Supreme Court analyzed whether simple battery is a necessarily included lesser offense of lewd conduct with a child (§288, subd. (a)). " '*Any* touching of a child under the age of 14 violates this section, even if the touching is outwardly innocuous and inoffensive, if it is accompanied by the *intent* to arouse or gratify the sexual desires of either the perpetrator or the victim.' " (*Shockley,* at p. 404, quoting *People v. Lopez* (1998) 19 Cal.4th 282, 289.) Under section 242, a battery is "any willful and unlawful use of force or violence upon the person of another." " 'Any harmful or offensive touching constitutes an unlawful use of force or violence' under this statute. [Citations.] . . . ' "[T]he least touching" may constitute battery. In other words, force against the person is enough; it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave a mark.' " (*Shockley*, at p. 404.)

The defendant in *Shockley* argued that every touching with lewd intent is necessarily a harmful or offensive touching under section 242; the Attorney General argued otherwise. The court declined to resolve this point. (*Shockley*, *supra*, 58 Cal.4th at p. 405.) Instead, the court concluded that "when the elements of two offenses are essentially identical, as when guilt of battery would be predicated on being guilty of lewd conduct, neither is a lesser and included offense of the other." (*Id.* at p. 406.) Conversely, in the situation where a battery is committed without also committing lewd conduct, "as when a person touches a child nonconsensually and harmfully but without lewd intent[,] . . . an element of the battery, the unwanted use of force, would not be

5

included within the elements of lewd conduct. It would be a distinct requirement. For this reason, in a given case, the prosecutor might choose to charge a defendant with both lewd conduct *and* battery" and the defendant could be convicted of both offenses. (*Id.* at pp. 405–406.) The court also concluded that allowing a jury to convict of battery when there is no lewd intent would violate the defendant's due process right to notice. "Convincing the jury there was no lewd intent would be a complete defense to a lewd conduct charge. Charging only lewd conduct would not provide the defendant with notice of the need to defend additionally against a battery charge based on an offensive touching not included within the elements of lewd conduct. [¶] For these reasons, battery is not a lesser included offense of lewd conduct." (*Id*. at p. 406.)

In *Robinson, supra*, 63 Cal.4th 200, our Supreme Court applied this reasoning to find that misdemeanor sexual battery (§ 243.4 subd. (e)(1)) is not a lesser included offense of sexual battery by misrepresentation of professional purpose, a felony. (§ 243.4, subd. (c); *Robinson*, at pp. 205, 210–211.) The *Robinson* opinion reaffirmed the principle announced in *Shockley* that when "the *same* evidence is required to support *all* elements of both offenses, there is no lesser included offense. [Citation.] Each is its own offense, based on different statutes that apply to the same conduct; neither can be said to be a lesser of the other." (*Id.* at p. 207, citing *Shockley, supra*, 58 Cal.4th at pp. 405–406.)

Applying this same analysis to the crimes of lewd conduct with a dependent adult by a caretaker (§ 288, subd. (b)(2)) and simple battery (§ 242) yields the same result. The elements of lewd conduct with a dependent adult are: (1) the defendant was a caretaker of a dependent person; (2) the defendant, while serving as a caretaker, willfully committed a lewd or lascivious act on that person; and (3) the defendant committed the act with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself or the dependent person. "A *lewd or lascivious act* includes touching any part of the person's body, either on the bare skin or through the clothes the person is

6

wearing." (§ 288, subd. (b)(2); CALCRIM No. 1060.)[2] The elements of simple battery are (1) the defendant willfully and unlawfully touched a person; and (2) the touching was done in a harmful or offensive manner. (§ 242; see CALCRIM No. 960.) If lewd conduct against a dependent adult is necessarily a harmful or offensive touching, then battery predicated on lewd conduct is essentially the same offense as lewd conduct, not a lesser included one. Conversely, if lewd conduct is not necessarily a harmful or offensive touching, then battery predicated on a touching without lewd intent is not a lesser included offense because it requires an element, the harmful or offensive nature of the touching, that lewd conduct does not. *Shockley* teaches that regardless of whether lewd conduct always amounts to battery, battery is not a lesser included offense of lewd conduct.

Defendant argues this court should not extend *Shockley*'s reasoning about the relationship between a lewd act on a child and battery to a lewd act on a dependent person and battery, because *Shockley*'s focus was on "the particular ineluctable harm a lewd and lascivious act causes a child under the age of 14" and "on the intent of the perpetrator, irrespective of the mental state of the child" who, unlike dependent adults, cannot legally consent to sexual acts with adults.

Defendant's argument is not persuasive. In one sentence of the opinion, the *Shockley* court observed: "By focusing on the defendant's intent to sexually exploit a child rather than on the nature of the defendant's offending act, section 288 'assumes that young victims suffer profound harm whenever they are perceived and used as objects of sexual desire.' " (*Shockley, supra,* 58 Cal.4th at p. 404.) The same can be said of lewd

_____

[2] Compare CALCRIM No. 1110: "To prove that the defendant is guilty of [violating § 288, subd. (a)] the People must prove that: [¶] [1A.] The defendant willfully touched any part of a child's body either on the bare skin or through the clothing; . . . [¶] . . . [¶] 2. The defendant committed the act with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of (himself/herself) or the child; [¶] AND [¶] 3. The child was under the age of 14 years at the time of the act."

7

act on a dependent adult by a caretaker under section 288, subdivision (b)(2). The Legislature has chosen to locate this criminal act in section 288. The same intent to sexually exploit the victim is required for violations of subdivision (a) and subdivision (b)(2). The same type of act—*any* touching of any part of the person's body, either on the bare skin or through the clothes the person is wearing—violates both statutes, if done with the requisite intent. In our view, the cognate wording of both statutes evinces a legislative determination that both children under 14 and dependant adults who need caretakers are particularly vulnerable to sexual exploitation by persons on whom they depend for care. Whether or not a dependant adult can consent to a lewd act, giving rise to a consent defense to a section 288, subdivision (a)(2) charge, is a distinct question from whether simple battery is a necessarily included lesser offense of a section 288, subdivision (b)(2) violation, and is not one raised by the facts in this case or on appeal. We see no principled reason to distinguish *Shockley* from the situation before us, especially in light of *Robinson*, which extends the *Shockley* rationale to an entirely different set of sex offenses.

Finally, a battery instruction was not required here because there was no substantial evidence from which a reasonable jury could have concluded that defendant committed the lesser, but not the greater, offense. (*People v. Ochoa* (1998) 19 Cal.4th 353, 422; *Breverman, supra*, 19 Cal.4th at p. 162.) The evidence adduced at trial included Frazier's testimony she saw defendant with his hand inside T.P.'s pants fondling T.P.'s penis, and T.P.'s statements to police officers on two different dates that defendant rubbed his penis. In addition, during the second interview, when T.P. was asked to demonstrate how defendant touched his penis, he gripped his own hand and moved it in an up-and-down motion. Rubbing a person's penis "is so inherently sexual in nature that no reasonable jury would conclude that defendant lacked lewd intent if he did that act." (*Shockley, supra*, 58 Cal.4th at p. 411 (conc. & dis. opn. of Kennard, J.).) In addition, T.P. told police that when defendant rubbed his penis, he said sexual things in T.P.'s ear

that made him feel weird.  Also, Frazier testified the ceramics room was barricaded shut, contrary to standard procedure, giving rise to the inference the acts taking place inside the room needed to be kept secret from others.

Even if the jury believed defendant's statement to Frazier he was merely fixing T.P.'s pants, no battery instruction was required, because the jury would have been bound to acquit.  Accidentally touching a child's or a dependent adult's penis while adjusting his or her pants in the course of normal caretaking is not a crime.  Such innocent conduct does not amount to a battery, i.e., an intentional touching done in a harmful or offensive manner.  "A trial court need not . . . instruct on lesser included offenses when the evidence shows that the defendant is either guilty of the crime charged or not guilty of any crime . . . ."  (*People v. Barton* (1995) 12 Cal.4th 186, 196, fn. 5.)  Put differently, on the facts of this case, defendant could not have been prejudiced by the omission of a battery instruction.  (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

## DISPOSITION

The judgment is affirmed.

_____
DONDERO, J.

We concur:

_____
HUMES, P. J.

_____
BANKE, J.

Trial Court:   Solano County Superior Court

Trial Judge:   Hon. Ramona Joyce Garrett

Counsel:

First District Appellate Project, Law Office of Jeffrey S. Kross, Jeffrey S. Kross, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Jeffrey M. Laurence, Assistant Attorneys General, Eric. D. Share and Leif M. Dautch, Deputy Attorneys General, for Plaintiff and Respondent.