Filed 6/14/22  P. v. Duenas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ISMAEL SANDOVAL DUENAS,<br><br>Defendant and Appellant. | C093873<br><br>(Super. Ct. No. STK-CR-FECOD-2019-0013731) |

Defendant Ismael Sandoval Duenas was charged with several offenses including cultivating more than six cannabis plants (Health & Saf. Code, § 11358, subd. (c)—count 3) and possession of cannabis for sale (Health & Saf. Code, § 11359, subd. (b)—count 4). The trial court also instructed the jury on the offense of possessing more than 28.5 grams of cannabis (Health & Saf. Code, § 11357, subd. (b)), though that charge was not included in the information. After trial, a jury found defendant guilty on count 3 and possessing more than 28.5 grams of cannabis (Health & Saf. Code, § 11357, subd. (b)), as a purported lesser offense of count 4. For these offenses, the trial court suspended imposition of sentence and placed defendant on one year of probation.

1

On appeal, defendant contends his conviction for possessing more than 28.5 grams of cannabis must be reversed because he was not charged with that offense, and it is not a lesser of count 4. The People concede that possessing more than 28.5 grams of marijuana is not a lesser included offense to the crime of possession for sale, but contend defendant "implicitly consented to the jury's consideration of" possessing more than 28.5 grams of cannabis as an offense "related" to possession for sale, for which he was charged in count 4. Defendant has the better argument.

## PROCEDURAL BACKGROUND

The underlying facts of the case are irrelevant to the issue on appeal and we do not recite them.

In February 2020, the People charged defendant with felony theft of utility services (Pen Code, § 498—count 1), felony vandalism (Pen. Code, § 594, subd. (b)(1)—count 2), cultivation of more than six cannabis plants (Health & Saf. Code, § 11358, subd. (c)—count 3), and possession of cannabis for sale (Health & Saf. Code, § 11359, subd. (b)—count 4). Defendant pleaded not guilty to the charges.

Prior to the close of evidence, the court proposed instructing the jury with CALCRIM No. 2375, the instruction for possession of more than 28.5 grams of cannabis, as a lesser included offense on counts 3 and 4. The court asked if there were any objections and defense counsel responded: "That's fine. And then just so the record's clear, I'm personally not requesting the lesser.

"THE COURT: Yeah. I have to give it as a matter of law. But we'll note your objection." The court instructed the jury accordingly.

After trial, the jury found defendant not guilty on counts 1, 2, and 4, but found defendant guilty on count 3 and guilty of possessing more than 28.5 grams of cannabis as a lesser included offense of count 4. Identifying count 3 as the principal term, the trial court subsequently suspended imposition of sentence and placed defendant on one year of

informal probation with the court. The court also ordered defendant to complete 80 hours of community service and pay a $500 fine along with statutory fines and fees.

Defendant timely appealed.

## DISCUSSION

Defendant contends his conviction on count 4, the uncharged offense of possessing more than 28.5 grams of cannabis, was in error. In response, the People argue defendant implicitly agreed to amend the information to add the uncharged offense when he failed to object to the proposed jury instruction of possessing more than 28.5 grams of cannabis on the ground that the offense was not charged in the information. The People are mistaken.

*Lesser Included Offenses*

"Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser." (*People v. Birks* (1998) 19 Cal.4th 108, 117.) To ascertain whether one crime is necessarily included in another, courts may look either to the accusatory pleading or the statutory elements of the crimes. (*People v. Robinson* (2016) 63 Cal.4th 200, 207.) Here, the information charged defendant in count 4 by merely incorporating the statutory definition of Health & Safety Code section 11359, subdivision (b), and without referring to the particular facts, thus we must rely on the statutory elements to determine if there is a lesser included offense. (See *Robinson*, at p. 207.)

The elements test is satisfied if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, such that all legal elements of the lesser offense are also elements of the greater. (*People v. Smith* (1998) 64 Cal.App.4th 1458, 1471.) In other words, " ' "[I]f a crime cannot be committed

without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' ' " (*People v. Bailey* (2012) 54 Cal.4th 740, 748.)

Here, the offense of possessing more than 28.5 grams of cannabis, of which the trial court instructed the jury was lesser to the charged (greater) offense of possession of cannabis for sale, includes the additional element of possessing cannabis weighing more than 28.5 grams, which is not an element of the charged offense. Because the crime of possession of cannabis for sale can be committed without necessarily possessing 28.5 grams, the crime of possessing more than 28.5 grams is not lesser thereof.

*Lesser Related Offenses*

The People concede this offense is not necessarily included in the charged offense of possessing cannabis for sale, rather they contend it is a lesser related offense to which the defendant impliedly consented be presented as an option to the jury. They rely on *People v. Toro* (1989) 47 Cal.3d 966 (*Toro*), disapproved on another ground in *People v. Guiuan* (1998) 18 Cal.4th 558, 568, footnote 3, in arguing that here defense counsel stated that he was "personally not requesting the lesser," he did not state that he had any objection on notice grounds. In contrast, defendant argues that *Toro* is distinguishable as here defendant did not consent, either expressly or impliedly, to an instruction from which he could derive no benefit.

"An accusatory pleading provides notice of the specific offense charged and also of offenses included within the charged offense [citations], but it does not provide notice of nonincluded offenses; consequently, '[a] person cannot be convicted of an offense (other than a necessarily included offense) not charged against him by indictment or information, whether or not there was evidence at his trial to show that he had committed that offense' [citation].

"However, an exception to this rule has long been recognized in cases where a defendant expressly or impliedly consents to have the trier of fact consider a nonincluded offense: 'Since a defendant who requests or acquiesces in conviction of a lesser offense

4

cannot legitimately claim lack of notice, the court has jurisdiction to convict him of that offense.' [Citations.]" (*Toro, supra*, 47 Cal.3d at p. 973.) A defendant can consent to conviction of a nonincluded offense "when the instructions are given by the court sua sponte and no defense objection was raised, despite ample opportunity, to either the instructions or the verdict forms by which the nonincluded offense was submitted to the jury." (*Id.* at pp. 974; see *id* at pp. 977-978.)

*Analysis*

Initially, we do not agree that defendant failed to object. In making the record clear as to his position, defense counsel said he was "not requesting the lesser." The trial court stated that the instruction was required, "[b]ut we'll note your objection." There was no need for defendant to further solidify his noted objection. Yet even if the exchange was not sufficient to serve as an objection, as explained below, he is still entitled to relief.

In *Toro*, the defendant was charged with attempted murder (Pen. Code §§ 187, 664) and assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)). As to each count, it was alleged that the defendant intentionally inflicted great bodily injury (Pen. Code, § 12022.7). As to the attempted murder count, it was alleged that the defendant had used a deadly weapon (Pen. Code, § 12022, subd. (b)). (*Toro, supra*, 47 Cal.3d at p. 970.) After an unreported conference on jury instructions the trial judge, in the absence of the jury, listed by CALJIC number each of the instructions he proposed to give " 'absent any objection.' " (*Id.* at p. 977.) No objection was made, and in addition to the charged offenses the jury was instructed on and received verdict forms for, the offenses of attempted voluntary manslaughter (Pen. Code, §§ 192, 664), battery with serious bodily injury (Pen. Code, § 243, subd. (d)), simple battery (Pen. Code, § 242) and simple assault (Pen. Code, § 240), all of which were described in the instructions and verdict forms as lesser included offenses. The jury found the defendant guilty of battery

5

with serious bodily injury as a lesser offense to the attempted murder charge and not guilty of the alternative charge of assault with a deadly weapon. (*Toro*, at p. 971.)

As the *Toro* court found, "battery with serious bodily injury is not a lesser included offense of attempted murder" and thus proceeded to analyze the case as a nonincluded offense. (*Toro, supra*, 47 Cal.3d at p. 972.) The *Toro* court held that "A conviction for a nonincluded offense implicates a defendant's due process right to notice. 'No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.' [Citations.] 'A criminal defendant must be given fair notice of the charges against him in order that he may have a reasonable opportunity properly to prepare a defense and avoid unfair surprise at trial.' [Citation.]" (*Id.* at p. 973.)

The *Toro* court did not stop there however: "In summary, the due process notice requirement precludes conviction for a lesser related offense when the defendant has not consented to its consideration by the trier of fact, but fundamental fairness also requires that the trier of fact be permitted to consider the lesser related offense when the defendant requests it. Thus, the law recognizes that instructions on lesser related offenses may be highly beneficial or prejudicial to the defendant, depending on the defendant's trial preparation, the nature of the defense presented, and other matters of trial strategy. Because the defendant, assisted by counsel, is the only person who can assess the impact of lesser related offense instructions in a given case, the decision to permit or preclude consideration of the lesser related offense is a right accorded to the defendant." (*Toro, supra*, 47 Cal.3d at p. 975; see also *People v. Birks, supra*, 19 Cal.4th at p. 128 ["Unless the defendant agrees, the prosecution cannot obtain a conviction for any uncharged, nonincluded offense"].)

The *Toro* court ultimately held that the defendant's failure to object constituted an implied consent to the jury's consideration of the lesser related offense and a waiver of any objection based on lack of notice. (*Toro, supra*, 47 Cal.3d at p. 978.)

However, the lesser offense doctrine has long been recognized as one intended to benefit both the defense and the prosecution. (*Toro, supra*, 47 Cal.3d at pp. 969-970.) The Supreme Court also recognized this when they emphasized in *Toro* that "submission of lesser related offenses to the jury enhances the reliability of the fact-finding process *to the benefit of both the defendant and the People.*" (*Ibid.*, italics added.) And again, "Lesser related offense instructions generally are beneficial to defendants and in a given case only the defendant knows whether his substantial rights will be prejudicially affected by submitting a lesser related offense to the jury." (*Id.* at p. 977.) As such, we find the holding in *People v. Anderson* (2020) 9 Cal.5th 946 (*Anderson*) provides clarity on the evolution of the law as applicable to the instant case.

The defendant in *Anderson* was charged with first degree murder and several robberies. The murder charge included a 25-year-to-life firearm enhancement allegation pursuant to Penal Code section 12022.53, subdivisions (d) and (e). By contrast, each of the robbery counts included two personal use firearm enhancement allegations, one a 10-year enhancement pursuant to Penal Code section 12022.53, subdivision (b), and a three-, four-, or 10-year enhancement allegation pursuant to Penal Code section 12022.5, subdivision (a). None of the robberies included a 25-year-to-life enhancement as the murder charge did. (*Anderson, supra*, 9 Cal.5th at pp. 950-951.)

At the close of evidence, the trial court instructed the jury that it could find that the prosecution proved the elements of the 25-year-to life firearm enhancements under Penal Code section 12022.53, subdivision (e) as to the robbery counts and submitted verdict forms to the same effect. The record did not show how this occurred, but the *Anderson* court concluded it appeared that the prosecution requested such at the close of evidence. (*Anderson, supra*, 9 Cal.5th at p. 951.) The jury then convicted Anderson on all 10

7

counts and returned true findings on all the enhancement allegations. At sentencing, the trial court sentenced Anderson to a total of 189 years to life, including a total of 125 years to life for the enhancements corresponding to the five robbery counts. (*Id.* at p. 952.)

On appeal, Anderson argued for the first time that the trial court erred in imposing the five unpleaded 25-year-to-life enhancements, arguing the enhancements had not been adequately charged. The Court of Appeal rejected Anderson's argument. (*Anderson, supra*, 9 Cal.5th at pp. 952.)

Before the Supreme Court, the Attorney General in *Anderson* acknowledged that the charging information did not satisfy the applicable statutory pleading requirements but urged the court to uphold Anderson's sentence on the ground that the jury instructions and verdict forms gave Anderson sufficient notice. The Attorney General argued, (as he does here) that by not objecting to the instructions or verdict forms, Anderson impliedly consented to an informal amendment of the information and alternatively, Anderson's failure to object forfeited his right to raise the issue on appeal. (*Anderson, supra*, 9 Cal.5th at pp. 957-958.) The *Anderson* court noted that the Attorney General's argument relied primarily on *Toro*. But the Supreme Court distinguished the situation in *Anderson*, from that in *Toro*. "The situation in *Toro*, in which the jury was given the option of convicting the defendant of a lesser offense, was quite different from the situation we confront in this case. Unlike the defendant in *Toro*, Anderson derived no possible benefit from submitting the unpleaded 25-year-to-life enhancements to the jury. There is therefore no reason to presume from defense counsel's silence that Anderson consented to this procedure. (Cf., e.g., *People v. Ramirez* (1987) 189 Cal.App.3d 603, 623 ['Conviction for an uncharged greater offense not only raises the problem of notice but makes the inference of consent more difficult, as there is no reason why a defendant should acquiesce in substitution of a greater for a lesser offense']; *People v. Haskin* (1992) 4 Cal.App.4th 1434, 1440 [applying same principle in context of sentence enhancements].)" (*Anderson*, at p. 959.)

So too here.  Duenas was convicted of possession of more than 28.5 grams of cannabis.  The penalty for possessing more than 28.5 grams of cannabis, however, is the same as the penalty for possessing cannabis for sale:  six months in jail, a $500 fine, or both.  (Health & Saf. Code, §§ 11359, subd. (b) & 11357, subd. (b).)  While in *Anderson* the uncharged enhancements resulted in the defendant being exposed to an *increase* in penalty, and here the uncharged conviction resulted in a *similar* penalty, we see that as a distinction without a difference.  Defendant received no possible benefit from submitting the uncharged offense to the jury, which is the foundational rationale for instructing the jury on lesser related offenses.  As did the Supreme Court in *Anderson*, we too conclude that to treat defense counsel's lack of specific objection as acquiescence or consent "would go a long way toward eroding [defendant's] right to notice of the potential penalties he faced.  We conclude no informal amendment of the information occurred here." (*Anderson, supra*, 9 Cal.5th at p. 960.)

## DISPOSITION

Defendant's conviction for possessing more than 28.5 grams of cannabis is reversed.  In all other respects the judgment is affirmed.


/s/
EARL, J.

We concur:


/s/
MAURO, Acting P. J.


/s/
DUARTE, J.

9