Filed 5/20/25  P. v. Mancha CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084187 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE405573) |
| KEITH THOMAS MANCHA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed.

Patrick Morgan Ford for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Keith Mancha guilty of one count of oral copulation of an unconscious person (Pen. Code,[1] § 287, subd. (f)) (count 1); one count of forcible sexual penetration (§ 289, subd. (a)) (count 2); and one count of forcible rape (§ 261, subd. (a)(2)) (count 3). The trial court sentenced Mancha to prison for a 10-year term, based on consecutive sentencing for each of the three counts.

Mancha contends the trial court (1) erred in not instructing on battery as a lesser included offense for each of the counts, and (2) abused its discretion in choosing to impose consecutive terms on each of the counts instead of ordering the terms to run concurrently.

We conclude that Mancha's arguments lack merit, and we accordingly affirm the judgment.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe drove with her friend to a pool party at Mancha's house, where several other people were present. Jane Doe's friend was well acquainted with Mancha and others at the party, but Jane Doe was not. The party attendees, including Jane Doe and Mancha, consumed large amounts of alcohol. Because Jane Doe's friend did not want to drive home while intoxicated, she and Jane Doe decided to spend the night at the house.

Jane Doe testified at trial about what happened next. According to Jane Doe, when it was time to go to sleep for the night, she was very intoxicated and followed her friend upstairs to the bedrooms. Jane Doe ended up on the bed in Mancha's bedroom. Jane Doe testified that she quickly went to sleep or passed out while wearing a two-piece bathing suit

---

[1]    Unless otherwise indicated, all further statutory references are to the Penal Code.

2

covered by a long T-shirt. Jane Doe remembered briefly waking up and seeing Mancha standing inside the bedroom and locking the door. Jane Doe asked Mancha where her friend was, but Mancha told her "to not worry about it." Jane Doe then went back to sleep. When Jane Doe woke up, her bathing suit bottoms were off and Mancha was orally copulating her.

Jane Doe told Mancha to stop, but he did not. Mancha then pulled Jane Doe toward him, forced her legs open, and penetrated Jane Doe's vagina with his fingers and then with his penis. When Jane Doe continued to resist, Mancha tried to have Jane Doe orally copulate his penis, but she refused and tried to shove Mancha away.

The assault ended when Jane Doe stated she had to use the bathroom. While she was in the bathroom, Jane Doe used her cell phone to send text messages and call friends, asking for help. Mancha came into the bathroom while Jane Doe was still inside. He was angry and stated, among other things, "Why didn't you let me finish. I already fucked you," and "I already got you pregnant."

Jane Doe eventually was able to locate her belongings and flee from the house. A friend picked her up, and she filed a report against Mancha at the police station early that morning. A forensic medical examination was performed on Jane Doe, which showed a bleeding injury to her cervix but did not result in any useable DNA evidence.

Mancha was charged with one count of oral copulation of an unconscious person (§ 287, subd. (f)) (count 1); one count of forcible sexual penetration (§ 289, subd. (a)) (count 2); and one count of forcible rape (§ 261, subd. (a)(2)) (count 3). Mancha did not testify at trial, and the jury convicted him on each count, as charged.

Mancha retained new counsel and filed a motion for a new trial based on the contention that his trial counsel provided ineffective assistance. Among other things, Mancha contended that trial counsel's performance was deficient because he failed to request that the jury be instructed on the lesser included offenses of " 'Assault With Intent to Commit Rape' or 'Attempted Rape.' " The trial court denied the motion.[2]

Mancha was sentenced to prison for a 10-year term, which was composed of a middle term six-year sentence on count 1, plus two consecutive two-year terms on counts 2 and 3.[3]

## II.

## DISCUSSION

A. *The Doctrine of Invited Error Bars Mancha's Argument That the Trial Court Erred by Failing to Instruct With a Lesser Included Offense*

We first evaluate Mancha's contention that the trial court committed reversible error by failing to instruct on battery as a lesser included offense on each of the counts.

"A trial court has a sua sponte duty to 'instruct on a lesser offense necessarily included in the charged offense if there is substantial evidence the defendant is guilty only of the lesser.' " (*People v. Shockley* (2013) 58 Cal.4th 400, 403–404.) " 'On the other hand, the court is not obliged to

---

[2]     On appeal, Mancha does not contend that reversal is warranted on the ground that his trial attorney provided ineffective assistance.

[3]     On counts 2 and 3, the trial court sentenced Mancha pursuant to section 1170.1, subdivision (a) by imposing one-third of the middle term sentence for each count. Although it could have done so, the trial court did not sentence on those counts under section 667.6, subdivisions (c), which states that "a full, separate, and consecutive term may be imposed for each violation of" certain forcible sex crimes "if the crimes involve the same victim on the same occasion." (§ 667.6, subd. (c)).

4

instruct on theories that have no such evidentiary support.' " (*People v. Smith* (2013) 57 Cal.4th 232, 240.) "To ascertain whether one crime is necessarily included in another, courts may look either to the accusatory pleading or the statutory elements of the crimes. When, as here, the accusatory pleading incorporates the statutory definition of the charged offense without referring to the particular facts, a reviewing court must rely on the statutory elements to determine if there is a lesser included offense." (*People v. Robinson* (2016) 63 Cal.4th 200, 207 (*Robinson*).) " 'The elements test is satisfied if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, such that all legal elements of the lesser offense are also elements of the greater. [Citation.] In other words, " '[i]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' " ' " (*Id.* at p. 207.) "On appeal, we independently review whether a trial court erroneously failed to instruct on a lesser included offense." (*People v. Trujeque* (2015) 61 Cal.4th 227, 271.)

Mancha contends that the trial court should have instructed on battery as a lesser included offense on each of the counts. However, at trial, defense counsel specifically stated that he did not want the trial court to instruct on any lesser included offenses, and Mancha expressly stated he agreed with that approach. Specifically, while discussing jury instructions, the trial court stated, "The biggest issue right now is there are lesser-included offenses. . . . [Defense counsel], have you decided what you want to do on the lesser-included offenses?" Defense counsel replied, "Yes, your Honor. We do not want any [lesser included offenses]." The trial court asked, "Is that for tactical reasons?" Defense counsel answered, "After conferring with my client, yes, your Honor." The trial court then directly asked Mancha whether

5

he agreed.  Referring to instructions on lesser included offenses, the trial court explained, "And I just want to be clear that you do have the right to have them.  I'm not going to read the jury instructions on the lesser-included offenses unless it's at either side's request."  Mancha stated that he was in agreement with defense counsel.

"A trial court has an independent obligation to instruct the jury on all lesser included offenses the evidence warrants, even against the defense's wishes."  (*People v. Hardy* (2018) 5 Cal.5th 56, 98 (*Hardy*).)  However, " '[a] defendant may not invoke a trial court's failure to instruct on a lesser included offense as a basis on which to reverse a conviction when, for tactical reasons, the defendant persuades a trial court not to instruct on a lesser included offense supported by the evidence.  [Citations.]  In that situation, the doctrine of invited error bars the defendant from challenging on appeal the trial court's failure to give the instruction.' "  (*Id*. at p. 99.)[4]  There is no requirement that defense counsel identify the specific tactical reasons.  (*Ibid*.)

---

[4]    Relying mainly on *People v. Barton* (1995) 12 Cal.4th 186, 194–195, Mancha contends that he should prevail on appeal based on the principle that "[t]he obligation to instruct on lesser included offenses exists even when as a matter of trial tactics a defendant not only fails to request the instruction but expressly objects to it being given."  (*Id*. at p. 195.)  Mancha correctly identifies that controlling legal principle.  However, Mancha overlooks the doctrine of invited error, which *Barton* explains is applicable "when, for tactical reasons, the defendant persuades a trial court not to instruct on a lesser included offense supported by the evidence."  (*Id*. at p. 198.)  "In that situation, the doctrine of invited error bars the defendant from challenging on appeal the trial court's failure to give the instruction."  (*Ibid*.)  "The doctrine of invited error does not . . . *vindicate* the decision of a trial court to grant a defendant's request not to give an instruction that is otherwise proper:  the error is still error."  (*Ibid*.)  However, "when the trial court accedes to the defendant's wishes, the defendant may not argue on appeal that in doing so the court committed prejudicial error, thus requiring

Here, defense counsel clearly stated that (1) he did not want the trial court to instruct on any lesser included offenses, and (2) he had a tactical reason for that decision. Accordingly, the doctrine of invited error applies, which "is designed to prevent an accused from gaining a reversal on appeal because of an error made by the trial court at his behest." (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 49.) Because Mancha invited the error that he claims the trial court committed when it failed to instruct on battery as a lesser included offense, "he cannot complain on appeal of the court's failure to give the instruction." (*People v. Horning* (2004) 34 Cal.4th 871, 906.) We accordingly reject Mancha's argument that reversal is warranted due to the trial court's failure to instruct the jury on battery as a lesser included offense for each of the counts.[5]

B. *The Trial Court Did Not Abuse Its Discretion in Imposing Consecutive Term Sentences*

Mancha next contends that the trial court abused its discretion by deciding to impose consecutive term sentences, rather than concurrent term sentences, on each of the three counts. "It is well established that a trial court has discretion to determine whether several sentences are to run concurrently or consecutively. [Citations.] In the absence of a clear showing of abuse, the trial court's discretion in this respect is not to be disturbed on appeal." (*People v. Bradford* (1976) 17 Cal.3d 8, 20.)

---

a reversal of the conviction." (*Ibid*.) Our Supreme Court continues to follow the invited error doctrine as set forth in *Barton*. (*Hardy, supra*, 5 Cal.5th at p. 98; *People v. Bell* (2019) 7 Cal.5th 70, 109.)

[5] Because we find that the doctrine of invited error applies, we need not, and do not, consider whether there is evidentiary support for instructing on battery as a lesser included offense for any of the counts.

During sentencing, in explaining why it had chosen to impose consecutive term sentences, the trial court referred to and adopted the ground set forth in the probation officer's report. Specifically, the trial court stated that the probation officer had concluded consecutive term sentences could be justified because "Count 1 and 2 and 3, involved separate acts of sexual violence toward the victim . . . . I agree that the Court has the discretion to impose consecutive sentencing, and I intend to." The trial court noted that the probation officer's report had cited rule 4.425(a)(2) of the California Rules of Court, which states that consecutive term sentences may be imposed when "[t]he crimes involved separate acts of violence or threats of violence." (Cal. Rules of Court,[6] rule 4.425(a)(2).)

Under section 669, subdivision (a), a trial court may impose either a consecutive term sentence or a concurrent term sentence. "In exercising its discretion whether to impose concurrent or consecutive terms, a trial court should consider the factors set forth in California Rules of Court, rule 4.425." (*People v. Rodriguez* (2005) 130 Cal.App.4th 1257, 1262.) As relevant here, rule 4.425 states that, in deciding between consecutive and concurrent terms, the trial court may consider "[f]acts relating to the crimes, including whether or not: [¶] (1) The crimes and their objectives were predominantly independent of each other; [¶] (2) The crimes involved separate acts of violence or threats of violence; or [¶] (3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." (Rule 4.425(a)(2).) As we have explained, the trial court expressly cited and applied

---

[6] All further references to rules are to the California Rules of Court.

8

subdivision (a)(2) of rule 4.425, agreeing with the probation officer that each count "involved separate acts of sexual violence toward the victim."

Mancha first contends that the trial court abused its discretion because it "failed to note the acts were committed almost simultaneously, and involved a single intent to gain sexual gratification as described in rule 4.425(a)(1) and (3)."  Although the trial court relied upon subdivision (a)(2) of rule 4.425, which focuses *only* on whether the crimes constituted separate acts of violence, Mancha argues that we should interpret subdivision (a)(2)'s reference to the defendant's "separate acts of violence" (rule 4.425(a)(2)), by also considering subdivision (a)(1), which focuses on the defendant's objective in committing the offenses, and subdivision (a)(3), which focuses on the time and place of the offenses.  Mancha argues, "Read together, the two provisions would have supported concurrent rather than consecutive sentences."

We are not persuaded.  The three subdivisions of rule 4.425(a) represent three distinct factors:  whether the defendant had the same objective in committing the offenses (rule 4.425(a)(1)); whether the defendant committed separate acts of violence (*id.*, subd. (a)(2)); and whether the offenses were spatially and temporally distinct (*id.*, subd. (a)(3)).  Under the plain language of rule 4.425, *any* of the three distinct factors are sufficient to support a consecutive term sentence.  Therefore, the trial court was well within its discretion to rely solely on the fact that Mancha committed three separate acts of violence against Jane Doe.

Mancha next argues that in evaluating whether the trial court abused its discretion in concluding that consecutive sentencing was warranted pursuant to rule 4.425(a)(2), we should look to case law arising under section 667.6 subdivision (d).  That provision states that "[a] full, separate, and consecutive term shall be imposed for each violation of" certain aggravated

9

sex crimes "if the crimes involve separate victims or involve the same victim on separate occasions." (§ 667.6, subd. (d).)[7] Although Mancha was not sentenced under that provision, he argues that we should rely on case law interpreting the meaning of "separate occasions" in section 667.6 subdivision (d) to decide whether his offenses "involved separate acts of violence or threats of violence" as stated in rule 4.425(a)(2). Mancha's contention lacks merit. The relevant term in rule 4.425(a)(2) is "separate acts," not "separate occasions" as in section 667.6 subdivision (d). Mancha does not explain why the two different terms would have any bearing on each other, and we perceive no reason to conclude that they do.

The remainder of Mancha's challenge to the trial court's imposition of consecutive sentences is premised on a misunderstanding of the basis for the trial court's decision. Mancha contends that the trial court decided to impose consecutive sentences based, in part, on what he characterizes as a finding that "the victim was 'particularly vulnerable,' given her unconscious state, that [Mancha] showed no remorse, and that he failed to use a condom." He argues that these factors "were either inapplicable or lacked evidentiary support." Mancha's argument fails because the trial court did not discuss those factors when explaining why it was imposing consecutive sentences. Instead the trial court identified those factors when discussing whether it would impose a lower, middle or upper term sentence. After discussing the factors described by Mancha, along with others, the trial court decided to impose a middle term sentence. Mancha does not challenge that decision.

---

7    Specifically, Mancha cites *People v. Solis* (2012) 206 Cal.App.4th 1210 and *People v. Pena* (1992) 7 Cal.App.4th 1294. Those cases explain that the term "separate occasions" in section 667.6 subdivision (d) focuses on whether the defendant had a reasonable opportunity to reflect between sex acts. (*Solis*, at p. 1220; *Pena*, at p. 1314.)

In sum, we find no merit to Mancha's contention that the trial court abused its discretion by imposing consecutive sentences on each of the counts.

DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

McCONNELL, P. J.

CASTILLO, J.

11